ALLEN, J.
The appellant challenges an administrative order by which the Board of Trustees of the Internal Improvement Trust Fund (the Board) dismissed a petition requesting a variance from and waiver of the provisions of certain administrative rules. We conclude that the Board was entitled to dismiss the petition without an evidentiary hearing, upon the determination that the section 120.542, Florida Statutes, variance and waiver process does not apply to the disputed rules insofar as they involve the exercise of proprietary power.
By its request for a variance and waiver, the appellant sought to avoid the requirements of Florida Administrative Code Rule 18 — 21.004(1) (h) 2 and 20.004(5)(b), with regard to an application to use sovereignty submerged land adjacent to or surrounding an unbridged and undeveloped coastal island. These rules impose standards and criteria which would pertain in connection with the construction of a private docking facility on such land. The appellant sought a variance and waiver under section 120.542, which indicates at subsection (1) that in appropriate circumstances agencies are authorized to grant such relief “to persons subject to regulation.”
Although the Board sometimes acts as a regulatory agency, it is also vested with the power and duty to manage and control sovereignty lands. See § 253.03(1), Fla.Stat. Consistent with article X, section 11, of the Florida Constitution, such lands are held by the Board as a public trust and the Board’s authority is rigidly circumscribed by this common law doctrine. See Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla.1986), cert. denied, 479 U.S. 1065, 107 S.Ct. 950, 93 L.Ed.2d 999 (1987). The Board’s actions in this regard are undertaken in a proprietary, rather than a regulatory, capacity. Board of Trustees of the *1123 Internal Improvement Trust Fund v. Lost Tree Village Corp., 600 So.2d 1240 (Fla. 1st DCA 1992); Graham v. Edwards, 472 So.2d 803 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986). A request to erect a docking facility on such lands is thus addressed to the Board’s proprietary role, Graham, and is properly so identified by rule 18-21.004(1).
The section 120.542(1) limitation of the variance and waiver process to persons subject to regulation is reiterated at subsection (5), and the statute does not refer to proprietary action. Indeed, the statute, contains a default provision at subsection (8) which would appear to be contrary to the Board’s public trust obligation regarding sovereignty lands. Interests in such lands may not be conveyed without clear intent and authority, Coastal Petroleum, and statutes adversely impacting the Board’s public trust must be construed very strictly as they would be in derogation of the common law. Graham.
Because the variance and waiver process in section 120.542 expressly pertains to regulatory rather than proprietary matters, and the statute should not be construed otherwise, the Board was entitled to dismiss the appellant’s petition. The appealed order is therefore affirmed.
LAWRENCE, J., concurs; BENTON, J., dissents with written opinion.