On Motion for Clarification, Rehearing, Certification, or Rehearing En Banc

BENTON, J.
The Trustees contend that our decision conflicts with Southwest Florida Water Management District v. Save the Manatee Club, Inc., 773 So.2d 594 (Fla. 1st DCA 2000) and Mariner Properties Development, Inc. v. Board of Trustees of the Internal Improvement Trust Fund, 743 So.2d 1121 (Fla. 1st DCA 1999).
Not only is our decision fully consonant with the decision in Save the Manatee Club, that decision requires the result in the present case. There, in “recognizing] that the Legislature has the right to replace a judicially created test to determine the validity of a rule,” we specifically held “that the Legislature is free to define the standard for determining whether a rule is supported by legislative authority.” Save the Manatee Club, 773 So.2d at 598.
The question is whether the statute contains a specific grant of legislative authority for the rule, not whether the grant of authority is specific enough. Either the enabling statute authorizes the rule at issue or it does not.... [T]his question is one that must be determined on a case-by-case basis.
Id. at 599. In comparison to the rule successfully challenged in the present case, the rule successfully challenged in Save the Manatee Club concerned a relatively minor administrative detail, viz., a grandfather clause. At issue here is a rule designed effectively to outlaw a whole “in *848 dustry. We adhere to our decision that, “[i]f Day Cruise is to be put out of business, the Legislature must do it directly, or amend § 253.03(7)(b) to grant that specific power to the Trustees.” State, Bd. of Trustees of the Internal Improvement Trust Fund v. Day Cruise Ass’n, 794 So.2d 696 (Fla. 1st DCA 2001) (Browning, J., concurring).
The decision in Mariner Properties is inapposite. Solely at issue there was the scope of section 120.542, Florida Statutes (1997). The court decided “that the section 120.542, Florida Statutes, variance and waiver process does not apply to the disputed rules insofar as they involve the exercise of proprietary power,” Mariner Props. Dev., 743 So.2d at 1122, rejecting the dissenting view that “any person the rules affect has a right to seek a waiver or variance under section 120.542.” Id. at 1124 (Benton, J., dissenting).
Here the Trustees have not questioned Day Cruise’s right or standing to challenge the proposed rule, which takes direct aim at “cruises to nowhere.” Once the Trustees made the decision to promulgate the proposed rule, the procedural course open to Day Cruise was clear: a challenge to the proposed rule under section 120.56, Florida Statutes (1999). “Any person substantially affected by ... a proposed rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority.” § 120.56(l)(a), Fla. Stat. (1999). The crucial decision here was the Trustees’ initial election to propose the rule.
In affirming administrative invalidation of the Trustees’ proposed rule, we have decided narrow issues concerning the scope of the Trustees’ authority to promulgate rules under the revised Administrative Procedure Act. We have not decided and do not address the different and distinct question of the full reach of the Trustees’ regulatory and managerial authority over submerged sovereignty lands. The present case requires decision of no question concerning the validity of any lease. The absence of an administrative rule confers no right on any vessel. We have decided only that the administrative law judge correctly concluded, in deciding a challenge brought on the cusp of the proposed rule’s promulgation, that the Legislature had not delegated authority to the Trustees to adopt it.
In affirming invalidation of the proposed rule, we certify the following question as one of great public importance:
Is proposed rule 18 — 21.004(l)(i) an invalid exercise of delegated authority within the meaning of section 120.52(8)(b) or (c), Florida Statutes (1999)?
Except as otherwise set out above, we deny the Trustees’ motion for clarification, rehearing, certification, or rehearing en banc.
BROWNING, J., concurs; ALLEN, C.J., concurs in part and dissents in part.