816 So.2d 687 (2002)
The SIERRA CLUB, Appellant,
v.
ST. JOHNS RIVER WATER MANAGEMENT, etc., et al., Appellees.
No. 5D01-2127.
District Court of Appeal of Florida, Fifth District.
April 12, 2002.
Rehearing Denied May 21, 2002.
*688 Deborah J. Andrews, Ponte Vedra Beach, and Peter Belmont, St. Petersburg, for Appellant.
Kathryn L. Mennella and Thomas I. Mayton, Jr., of Office of General Counsel, St. Johns River Water Management District, Palatka, for Appellees.
PLEUS, J.
The issue in this case is whether the Administrative Law Judge ("ALJ") correctly concluded that a rule amendment regarding cumulative impact analysis, adopted by the St. Johns River Water Management District ("the District"), constituted a valid exercise of delegated legislative authority. We review this issue de novo. Florida Board of Medicine v. Florida Academy of Cosmetic Surgery, Inc., 808 So.2d 243 (Fla. 1st DCA 2002). The test for such a conclusion is whether the rule amendment enlarges, modifies or contravenes the statute. § 120.52(8)(c), Fla. Stat. (2001).[1] We conclude, as did the ALJ, that the rule amendment does not enlarge, modify or contravene the statute and therefore affirm.

Procedural History
A brief history is helpful to understanding the issue. In 1995, the District promulgated rules 12.2.8 through 12.2.8.2 of its Administrative Handbook, implementing the cumulative impacts doctrine embodied in subsection 373.414(8), Florida Statutes (1995). Cumulative impacts analysis involves consideration of "the cumulative impacts of projects which are existing, under construction or reasonably expected in the future" upon surface waters and wetlands. See, e.g., Florida Power Corp. v. Dep't of Envtl. Regulation, 638 So.2d 545 (Fla. 1st DCA 1994), rev. denied, 650 So.2d 989 (Fla.1994).
The District interpreted its rules and adopted a policy such that no adverse cumulative impacts would be found if mitigation[2] offered by a permit applicant offset the adverse impacts of the proposed project and the mitigation was undertaken within the same drainage basin as the *689 adverse impacts of the project. See Sarah H. Lee v. St. Johns River Water Management District and Walden Chase Developers, Ltd., DOAH Case No. 99-2215 at 47 (rendered September 27, 1999). In other words, if the proposed mitigation would offset the project's adverse impacts, and was within the same drainage basin as the project, further cumulative impact analysis would not be required because there would be no "leftover" unmitigated impacts in the basin that could cumulate.
The Sierra Club was unhappy with the District's position and filed a challenge claiming the District's interpretation of section 373.414(8), Florida Statutes, and the cumulative impacts rule in section 12.2.8, Applicant Handbook, was an unadopted rule that violated section 120.54(1)(a), Florida Statutes.[3]

The Statutory Amendment
During the 2000 session of the Florida Legislature, section 373.414(8) was amended to incorporate the District's methodology. The statute, as amended, states:
(8)(a) The governing board or the department, in deciding whether to grant or deny a permit for an activity regulated under this part shall consider the cumulative impacts upon surface water and wetlands, as delineated in s. 373.421(1), within the same drainage basin as defined in s. 373.403(9), of:

1.(a) The activity for which the permit is sought.

2.(b) Projects which are existing or activities regulated under this part which are under construction or projects for which permits or determinations pursuant to s. 373.421 or s. 403.914 have been sought.

3.(c) Activities which are under review, approved, or vested pursuant to s. 380.06, or other activities regulated under this part which may reasonably be expected to be located within surface waters or wetlands, as delineated in s. 373.421(1), in the same drainage basin as defined in s. 373.403(9), based upon the comprehensive plans, adopted pursuant to chapter 163, of the local governments having jurisdiction over the activities, or applicable land use restrictions and regulations.
(b) If an applicant proposes mitigation within the same drainage basin as the adverse impacts to be mitigated, and if the mitigation offsets these adverse impacts, the governing board and department shall consider the regulated activity to meet the cumulative impact requirements of paragraph (a). However, this paragraph may not be construed to prohibit mitigation outside the drainage basin which offsets the adverse impacts within the drainage basin.
§ 4, Ch.2000-133, Laws of Fla. (Amendments shown by underline-strike through).

The Rule Amendment
In June of 2000, the Sierra Club dismissed its challenge in the unadopted rule case. Within a year, the District amended its cumulative impacts rule as follows:
12.2.8 Cumulative Impacts
Pursuant to paragraph 12.1.1(g), an applicant must provide reasonable assurances that a regulated activity will not cause unacceptable cumulative impacts upon wetlands and other surface waters within the same drainage basin as the regulated activity for which a permit is *690 sought. The impact on wetlands and other surface waters shall be reviewed by evaluating the impacts to water quality as set forth in subsection 12.1.1(c) and by evaluating the impacts to functions identified in subsection 12.2.2. If an applicant proposes to mitigate these adverse impacts within the same drainage basin as the impacts, and if the mitigation fully offsets these impacts, then the district will consider the regulated activity to have no unacceptable cumulative impacts upon wetlands and other surface waters, and consequently, the condition for issuance in paragraph 12.1.1(g) will be satisfied. The drainage basins within the District are identified on Figure 12.2.8-1.

When adverse impacts to water quality or adverse impacts to the functions of wetlands and other surface waters, as referenced in the paragraph above, are not fully offset within the same drainage basin as the impacts, then aAn applicant must provide reasonable assurance that the proposed system, when considered with the following activities, will not result in unacceptable cumulative impacts to water quality or the functions of wetlands and other surface waters, within the same drainage basin:
(a) projects which are existing or activities regulated under part IV, chapter 373 which are under construction or projects for which permits or determinations pursuant to sections 373.421 or 403.914 have been sought.
(b) activities which are under review, approved, or vested pursuant to section 380.06, or other activities regulated under part IV, chapter 373 which may reasonably be expected to be located within wetlands or other surface waters, in the same drainage basin, based upon the comprehensive plans, adopted pursuant to chapter 163, of the local governments having jurisdiction over the activities, or applicable land use restrictions and regulations.
Only those activities listed in paragraphs (a) and (b) which have similar types of impact s (adverse effect s) to those which will be caused by the proposed system will be considered. (All citations in paragraphs (a) and (b) refer to provisions of Florida Statutes.)
The cumulative impact evaluation is conducted using an assumption that reasonably expected future applications with like impacts will be sought, thus necessitating equitable distribution of acceptable impacts among future applications.
§ 12.2.8, Administrative Handbook (amendments shown by underline-strike through).

The Rule Challenge
The Sierra Club challenged the rule amendment, arguing that it modified and contravened the statute. The parties agreed to submit the issue to the ALJ for determination without a formal hearing. In his final order upholding the rule amendment, the ALJ analyzed the issue as follows:
44. Under the current version of Subsection 373.414.(8), Florida Statutes (2000), in deciding whether to grant or deny an ERP, the District is required to consider the cumulative impacts on surface water and wetlands within the same drainage basin of certain existing and future activities. Paragraph (b) also provides that if a permit applicant proposes mitigation within the same drainage basin as the adverse impacts to be mitigated, and if the mitigation offsets these adverse impacts, the consideration of cumulative impacts mandated by paragraph (a) is deemed met. No further consideration of cumulative impacts is either necessary or allowed.

*691 45. The proposed rule mimics the effect of the underlying statute, if not much of the language used. It deems the cumulative impact requirement to be met when the mitigation is proposed in the drainage basin of the impact and offsets that impact in the same manner as the statute mandates the cumulative impact consideration to be met. It requires cumulative impacts to be considered when mitigation is either not in the same drainage basin as the impact or does not offset the impact, as does the statute.
46. Petitioner basically contends that despite the clear and specific language in Section 373.414(8)(b), an applicant who proposes a project with wetland or surface water impacts and mitigation in the same drainage basin should perform an in-depth cumulative impacts analysis because of the more general language in Section 373.414(8)(a). Such a contention, however, ignores Section 373.414(8)(b), which explicitly provides that when such impacts and offsetting mitigation are in the same drainage basin, the District's Governing Board "shall consider the regulated activity to meet the cumulative impact requirements of paragraph (a) [373.414(8)(a)]." In other words, if an applicant meets the criteria of Section 373.414(8)(b), then it would be superfluous to require the applicant to perform a cumulative impacts analysis which evaluates past, present, and future activities in subparagraphs (8)(a)2 and 3. This is because Section 373.414(8)(b) provides that such a project meets the requirements of Section 373.414(8)(a), that is, there are no unacceptable cumulative impacts.
47. Because the proposed rule neither expands nor reduces the cumulative impact consideration beyond that specified in the statute it implements, it does not enlarge, modify, or contravene that statutory authority. The petition should accordingly be denied.

The Appeal
On appeal, the Sierra Club argues that section 373.414(8)(a) requires the District to assess cumulative impacts in all permit applications affecting surface waters or wetlands. It suggests that the newly-created section 373.414(8)(b) "simply establishes criteria for determining when a permit applicant's mitigation is sufficient" and does not exempt the District from considering cumulative impacts as required by section 373.414(8)(a). It argues that the statute clearly and unambiguously creates a two step process. In step one, the District assesses the potential cumulative impacts of a project. In step two, if the applicant proposes mitigation within the same drainage basin as the adverse impacts, then the District "determines if the mitigation will offset the cumulative adverse impacts" identified during step one.
The Sierra Club contends that the District's rule amendment turns this process on its head by allowing the District to consider mitigation first. If the mitigation fully offsets the adverse impacts, then the process stops and the permit is approved without ever assessing cumulative impacts. If the mitigation does not fully offset the adverse impacts, then the District assesses cumulative impacts to determine if the project will create unacceptable cumulative impacts. Consequently, the Sierra Club argues, the rule modifies and/or contravenes section 373.414(8), Florida Statutes, in violation of section 120.52(8), Florida Statutes, by eliminating the requirement of considering cumulative impacts in many cases.
The District counters these arguments and notes that section 373.414(8)(b) established a short-cut cumulative impacts assessment *692 procedure and that its rule amendment merely incorporated this short-cut procedure. In this short-cut, the District can consider mitigation first if it falls within the same drainage basin as the project's adverse impacts. If the mitigation falls within the same drainage basin, then the District considers whether the mitigation offsets the project's adverse impacts. If the mitigation offsets the project's adverse impacts, then the section 373.414(8)(a)'s requirement to consider cumulative impacts is deemed met. This procedure is based on the District's assumption that "if the adverse impacts of a proposed regulated activity will be fully offset by mitigation within the same drainage basin by a permit applicant, then there are no `leftover' impacts that could cumulate with existing or future projects" and thus, it would be unnecessary to assess cumulative impacts. In essence, the District contends that both the statute and the rule amendment allow it to consider mitigation first and then, if necessary, cumulative impacts.

Analysis
The ALJ correctly recognized that the rule amendment language closely tracks the statutory language. Logic dictates that the closer the rule tracks the statute, the less likely it modifies or contravenes the statute. The language need not be identical, however, as there would be no need for the rule. See Southwest Florida Water Management Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 599 (Fla. 1st DCA 2000). The Sierra Club fails to acknowledge the strong similarity of language between the rule amendment and the statute.
The Sierra Club also fails to acknowledge that it was section 373.414(8)(b), the statutory amendment, not the rule amendment, that short-circuited the cumulative impact assessment. The ALJ found that under section 373.414(8)(b), if a permit applicant proposes mitigation within the same drainage basin and the mitigation offsets the adverse impacts, "the consideration of cumulative impacts mandated by paragraph (a) is deemed met. No further consideration of cumulative impacts is either necessary or allowed". As the ALJ concluded, the Sierra Club's interpretation of section 373.414(8)(b) as not having any effect on the cumulative impact requirement in section 373.414(8)(a) is contrary to the statute's "clear and specific" language.
The Sierra Club contends that section 373.414(8)(b) merely "allows for mitigation" and "establishes a criteria for determining when a permit applicant's mitigation is sufficient ..." but does "not eliminate the need for cumulative impacts to be considered" under section 373.414(8)(a). It argues that this interpretation of the statute is logical because the District must necessarily consider "or identify the impact before it is possible to conclude whether mitigation will offset the impact".
The Sierra Club's interpretation of section 373.414(8)(b) is flawed for several reasons. First, the Sierra Club fails to acknowledge that in section 373.414(1)(b), Florida Statutes, the legislature previously allowed for mitigation and established criteria for determining when mitigation is sufficient. The Sierra Club's reading of section 373.414(8)(b) would make it redundant in light of section 373.414(1)(b). Where possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another. Forsythe v. Longboat Key Beach Erosion Control District, 604 So.2d 452, 455-456 (Fla.1992).
Second, the Sierra Club's interpretation renders the majority of section 373.414(8)(b) meaningless. As the ALJ *693 found, the Sierra Club's position ignores the explicit language in subsection (b) that when mitigation in the same drainage basin offsets the adverse impacts, the District "shall consider the regulated activity to meet the cumulative impact requirements of paragraph (a)." Under the Sierra Club's position, section 373.414(8)(a) cannot be satisfied until the District considers cumulative impacts. Their position also renders the distinction in section 373.414(8)(b) between mitigation within the same drainage basin and mitigation outside the drainage basin meaningless. Under the Sierra Club's position, it doesn't matter whether the proposed mitigation falls inside or outside the drainage basin, the District still has to consider cumulative impacts. The statute, however, plainly states that if mitigation falls within the same drainage basin and that mitigation offsets the adverse impacts, then the required assessment of cumulative impacts is deemed met. It is axiomatic that all parts of a statute must be read together in order to achieve a consistent whole; courts should avoid readings that would render part of a statute meaningless. Forsythe at 455-456.
Third, the Sierra Club's position leads to an unreasonable, even absurd, result. Examining section 373.414 as a whole, the Sierra Club's position would lead to the conclusion that the District, in a case involving a mitigation plan, would be required to engage in a four part analysis, as follows: (1) assess individual adverse impacts under section 373.414(1)(a); (2) assess whether proposed mitigation offsets individual adverse impacts under section 373.414(1)(b); (3) assess cumulative impacts under section 373.414(8)(a); and (4) assess whether proposed mitigation offsets cumulative impacts under section 373.414(8)(b). The cumulative impacts assessment could only be satisfied if the proposed mitigation offset the cumulative impacts. This position creates an unreasonable, if not impossible standard by which a permit applicant must completely offset the individual project's adverse impacts and cumulative adverse impacts caused by other past, present and future projects. Courts must avoid any construction of a statute that would produce an unreasonable, absurd, or ridiculous consequence. E.M.A. v. Department of Children and Families, 795 So.2d 183 (Fla. 1st DCA 2001).
Fourth, the Sierra Club's argument improperly equates the terms "cumulative impacts" in section 373.414(8)(a) with "adverse impacts" in section 373.414(8)(b). As the District notes, the legislature used the term "cumulative impacts" in section 373.414(8)(a), but not in section 373.414(8)(b). When the legislature uses a term in one section of the statute but omits it in another section of the same statute, courts should not imply it where it has been excluded. See Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995).
Although these terms are not specifically defined in Chapter 373, the legislature's use of them clearly indicates that the term "adverse impacts" can refer to "individual" and/or "cumulative" adverse impacts. For example, in sections 373.406(6) and (10), Florida Statutes, the legislature uses the phrase "individual or cumulative adverse impacts." Section 373.406(9) contains the phrase "individual and cumulative adverse impacts." Section 373.414(9) contains the phrase "if such exemptions and general permits do not allow adverse impacts to occur individually or cumulatively."
In section 373.414(8)(b), the term "adverse impacts" is not modified by either "individual" or "cumulative." Nor is it modified by the terms "all" or "any," which would include both individual and cumulative *694 adverse impacts. Significantly, however, the term is modified by the phrase "to be mitigated." Section 373.414(1)(b) describes mitigation as "measures proposed by or acceptable to the applicant to mitigate the adverse effects that may be caused by the regulated activity." (Emphasis added). Thus, mitigation is related to individual adverse impacts, or those caused by the proposed activity. Because mitigation refers to measures to counteract individual adverse impacts and the term "adverse impact" in section 373.414(8)(b) is modified by the terms "to be mitigated," the adverse impacts of section 373.414(8)(b) must necessarily refer to individual adverse impacts.

Conclusion
We conclude, as the ALJ did, that the rule amendment tracks section 373.414(8); it does not enlarge, modify or contravene the statute. Accordingly, we affirm.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Section 120.52(8)(c), Florida Statutes (2001) provides:

"Invalid exercise of delegated legislative authority" means action which goes beyond the powers, functions, and duties delegated by the Legislature. A proposed or existing rule is an invalid exercise of delegated legislative authority if any one of the following applies:
(c) The rule enlarges, modifies, or contravenes the specific provisions of law implemented, citation to which is required by s. 120.54(3)(a)1.
[2] To mitigate means: "to cause to become less harsh or hostile; 2: to make less severe or painful." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY (10th ed.2002) available at http:// m.w.com. Section 373.414(1)(b), Florida Statutes, describes mitigation as "measures proposed by or acceptable to the applicant to mitigate the adverse effects that may be caused by the regulated activity."
[3] Section 120.54(1)(a), Florida Statutes (1999) provides:

Rulemaking is not a matter of agency discretion. Each agency statement defined as a rule by s. 120.52 shall be adopted by the rulemaking procedure provided by this section as soon as feasible and practicable.