PER CURIAM.
 

 Appellant, the Department of Health (“Department”), challenges a final order wherein the administrative law judge (“ALJ”) determined that Florida Administrative Code Rule 64I-1.001(l)(c), which renders illegal aliens ineligible for Florida’s Brain and Spinal Cord Injury Program (“BSCI Program”), is an invalid exercise of delegated legislative authority. Because BSCI Program services constitute state public benefits under the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (“PRWORA”)
 
 *24
 
 and because the Florida Legislature has not affirmatively provided that illegal aliens are eligible for the BSCI Program, we agree with the Department that the ALJ’s ruling was erroneous and reverse the final order.
 

 It is undisputed that Appellee, Miguel Mora Rodriguez, is an illegal alien who suffered neurological injuries and paralysis on the right side of his body as a result of an automobile accident. Appellee, who had been living in Florida, sought services through the BSCI Program, which, pursuant to section 381.76(l)(b), Florida Statutes, limits benefits to “legal resident[s] of this state at the time of application for services.” The Department denied benefits, finding that Appellee was not a “legal Florida resident.” In response, Appellee filed a petition with the Division of Administrative Hearings challenging rule 641— 1.001(l)(c), which defines “Legal Resident” for purposes of the BSCI Program as “[a] person who currently lives in Florida, has the present intent to remain in Florida indefinitely, and has lawful permanent presence in the United States of America.” The ALJ, relying on the fact that the Legislature has distinguished between citizenship/immigration status and legal Florida residency in other statutes, determined that rule 64I-1.001(l)(c) .impermissibly modified, enlarged, and contravened section 381.76(l)(b). This appeal followed.
 

 We review the issue on appeal de novo.
 
 See Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc.,
 
 773 So.2d 594, 597 (Fla. 1st DCA 2000). In addressing whether rule 64I-1.001(l)(c) constitutes an invalid exercise of delegated legislative authority, we must first determine whether PRWORA is applicable. The Act provides in part:
 

 (a) In general
 

 Notwithstanding any other provision of law and except as provided in subsections (b) and (d) of this section, an alien who is not—
 

 (1) a qualified alien (as defined in section 1641 of this title),
 

 (2) a nonimmigrant under the Immigration and Nationality Act ... or
 

 (3) an alien who is paroled into the United States ... for less than one year, is not eligible for any State or local public benefit (as defined in subsection (c) of this section).
 

 (b) Exceptions
 

 Subsection (a) of this section shall not apply with respect to the following State or local public benefits:
 

 (1) Assistance for health care items and services that are necessary for the treatment of an emergency medical condition (as defined in section 1396b(v)(3) of Title 42) of the alien involved and are not related to an organ transplant procedure.
 

 (2) Short-term, non-cash, in-kind emergency disaster relief.
 

 (3) Public health assistance for immunizations with respect to immunizable diseases and for testing and treatment of symptoms of communicable diseases whether or not such symptoms are caused by a communicable disease.
 

 (4) Programs, services, or assistance (such as soup kitchens, crisis counseling and intervention, and short-term shelter) specified by the Attorney General, in the Attorney General’s sole and unre-viewable discretion after consultation with appropriate Federal agencies and departments, which (A) deliver in-kind services at the community level, including through public or private nonprofit agencies; (B) do not condition the provision of assistance, the amount of assistance provided, or the cost of assistance provided on the individual recipient’s income or resources; and (C) are necessary for the protection of life or safety.
 

 
 *25
 
 (c) “State or local public benefit” defined
 

 (1) Except as provided in paragraphs (2) and (3), for purposes of this subchapter the term “State or local public benefit” means—
 

 (A) any grant, contract, loan, professional license, or commercial license provided by an agency of a State or local government or by appropriated funds of a State or local government; and
 

 (B) any retirement, welfare, health, disability, public or assisted housing, postsecondary education, food assistance, unemployment benefit, or any other similar benefit for which payments or assistance are provided to an individual, household, or family eligibility unit by an agency of a State or local government or by appropriated funds of a State or local government.
 

 [[Image here]]
 

 (d) State authority to provide for eligibility of illegal aliens for State and local public benefits
 

 A state may provide that an alien who is not lawfully present in the United States is eligible for any State or local public benefit for which such alien would otherwise be ineligible under subsection (a) of this section only through the enactment of a State law after August 22, 1996, which
 
 affirmatively provides for such eligibility.
 

 8 U.S.C. § 1621 (emphasis added).
 

 We agree with the Department that BSCI Program services constitute state public benefits under PRWORA and reject Appellee’s argument to the contrary. Appellee’s reliance on a 1998 Notice by the then-Secretary of the United States Department of Health and Human Services of the phrase “federal public benefit,” which is defined in a separate section of PRWORA, is misplaced. Not only did the Secretary note that services which are wholly funded by state or local governments may constitute state or local benefits, thereby limiting the Notice to federal public benefits, she reasoned that in order for a program to be determined to provide benefits to “eligibility units,” the authorizing statute must be interpreted to mandate ineligibility for individuals, households, or families that do not meet certain criteria.
 
 See Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA); Interpretation of “Federal Public Benefit
 
 ”, 63 Fed. Reg. 41658 (Aug. 4, 1998). Because the BSCI Program is statutorily authorized solely for people having a brain or spinal cord injury, the authorizing statute can only be interpreted to mandate ineligibility for those not meeting this criterion. The services are, therefore, state public benefits under section 1621(e)(1)(B).
 

 We reject Appellee’s alternative argument that BSCI Program services are exempted from PRWORA pursuant to sections 1621(b)(1) and (b)(4). Given the fact that a person who suffers a brain or spinal cord injury is only eligible for the BSCI Program if he or she is medically stable,
 
 see
 
 § 381.76(l)(d), Fla. Stat., it cannot be said that the services provided through the BSCI Program are necessary for the treatment of an emergency medical condition under section 1621(b)(1).
 
 See Greenery Rehab. Group, Inc. v. Hammon,
 
 150 F.3d 226, 232 (2d Cir.1998) (“The patients’ sudden and severe head injuries undoubtedly satisfied the plain meaning of § 1396b(v)(3). However, after the patients were stabilized and the risk of further direct harm from their injuries was essentially eliminated, the medical emergencies ended.”);
 
 Scottsdale Healthcare, Inc. v. Ariz. Health Care Cost Containment Sys. Admin.,
 
 206 Ariz. 1, 75 P.3d 91, 97 (2003) (“The key term is ‘acute,’ which denotes that the symptoms manifesting an emergency medical condition must not only
 
 *26
 
 have arisen rapidly, but more importantly, that they be short-lived.... [A] medical condition manifesting itself by chronic symptoms is not an emergency medical condition....”). Nor can it be said that BSCI Program services are exempted from PRWORA under section 1621(b)(4) given that the services are provided on a statewide basis and are not akin to community-type services such as soup kitchens, crisis counseling and intervention, and short-term shelter.
 

 Having determined that BSCI Program services constitute state public benefits under PRWORA, the question becomes whether the Florida Legislature, pursuant to section 1621(d) of the Act, has affirmatively provided that illegal aliens are eligible for such services. We conclude that it has not. The Legislature created the BSCI Program in 1994.
 
 See
 
 Ch. 94-824, §§ 32-35, at 2342-43, Laws of Fla. It renumbered the pertinent statutes in 1999 and subsequently amended certain provisions in 2000.
 
 See
 
 Ch. 99-240, §§ 17-23, at 2170-75, Laws of Fla; Ch. 00-153, § 10, at 639, Laws of Fla.; Ch. 00-367, § 18, at 4160, Laws of Fla. At no time since August 22, 1996, the date provided for in section 1621(d), has the Legislature enacted a law specifying that illegal aliens are eligible for the BSCI Program. While the Legislature is certainly free to do so in the future, the law as it currently stands does not affirmatively provide for such eligibility. As a result, rule 64I-1.001(l)(c) does not constitute an invalid exercise of delegated legislative authority.
 

 Accordingly, the final order is REVERSED.
 

 HAWKES, C.J., BARFIELD and DAVIS, JJ., concur.