MAKAR, J.,
specially concurring.
In this administrative appeal, John Sexton, the owner of property abutting a proposed public easement over sovereignty submerged lands, challenges the dismissal with prejudice of his petition for an administrative hearing by the Board of Trustees of the Internal Improvement Trust Fund (the Board). Sexton argues that his petition was not untimely because the notice regarding the proposed easement was defective and failed to provide a clear point of entry into administrative proceedings. Because the Administrative Procedure Act (APA) does not apply to this type of Board action and notice of the Board’s action was not required, I concur in affirming the decision below.
On March 23, 2010, the South Florida Water Management District, acting as a delegatee of the Board, mailed a notice regarding the easement and proposed site plan to Sexton, and on April 7, 2010, published a Notice of Intended Agency Action in the Palm Beach Post. The published notice expressed the intent to issue an Environmental Resource Permit with conditions to establish a Sovereignty Submerged Lands Easement and advised of the procedure and twenty-one-day deadline to request a formal hearing. The easement was sought to build a new bridge to replace the Little Lake Worth Bridge in Palm Beach County. Some fifteen months later, Sexton petitioned for a hearing. The Department of Environmental Protection (DEP) dismissed the request as untimely, but allowed Sexton to amend his petition to show why it should be considered timely. Sexton filed an amended petition that DEP dismissed with prejudice in the order now on appeal. DEP reasoned that Sexton had notice and a point of entry into administrative proceedings via the April 7th publication; it did not address the argument that the APA does not apply to the Board when it acts in its proprietary capacity.
The Board is a statutory creature whose exercise of powers can be either regulatory or proprietary. Mariner Props. Dev., Inc. v. Bd. of Trs. of Internal Improvement Trust Fund, 743 So.2d 1121, 1122 (Fla. 1st DCA 1999). Where the Board acts to manage or control state-owned sovereignty lands, like the submerged land in question, it acts as a fiduciary, holding the sovereignty lands as a public trust; its actions in doing so are deemed proprietary, rather than regulatory, in nature. Id. at 1122-23. Because the Board’s action in this case involves the grant of an easement appurtenant — a property interest, see Palm Beach County v. Cove Club Investors Ltd., 734 So.2d 379, 383 (Fla.1999)—the Board is acting in its proprietary capacity. Mariner Props. Dev., 743 So.2d at 1122.
That the action of the Board relates to sovereignty lands and the exercise of proprietary powers, however, is alone insufficient to bring the action outside of the APA. State, Bd. of Trs. of Internal Improvement Trust Fund v. Day Cruise Ass’n, Inc., 794 So.2d 696, 698 (Fla. 1st DCA 2001) (performance of purely proprietary duties requires compliance with *948 the APA when they amount to rulemak-ing), reh’g granted in part on other grounds, 798 So.2d 847; Bd. of Trs. of Internal Improvement Trust Fund of State of Fla. v. Barnett, 533 So.2d 1202, 1206 (Fla. 3d DCA 1988) (revocation of a previously-granted easement required compliance with the APA). While the caselaw holds that the APA applies when the Board is acting in its regulatory capacity, Day Cruise, 794 So.2d at 704, it is less than clear in defining the circumstances when the exercise of proprietary powers subjects the Board to the APA procedures. Here, the Board, an arm of the State, merely granted an interest in land to the Department of Transportation, another arm of the State. This act is not regulatory action, nor does it affect an interest already granted to a third party. For this reason, the APA does not apply to this discrete transaction.
Even if the Board’s action could be characterized as falling under the APA, its transfer of a property interest to another state- agency is statutorily exempt from the general notice requirements applicable to the conveyance of an interest in state lands. § 253.115(5)(d), Fla. Stat. (2010) (“[Njotice and publication requirements of this section do not apply to: ... (d) The lease or easement for any land when the land is being leased to a state agency.”). This section forecloses a point of entry into formal administrative proceedings in this situation, expressing the Legislature’s policy preference that state agencies have ready access to the State’s property resources without the prospect of review under the APA.
In this case, Sexton had a point of entry for review of the Environmental Resource Permit (as noticed on April 7, 2010) in a consolidated proceeding. § 373.427(1). Sexton did not take advantage of this opportunity to request a hearing during the statutorily-prescribed twenty-one-day window. DEP properly dismissed his challenge fifteen months later to the Board’s proprietary grant of a sovereignty submerged lands public easement to the Department of Transportation.