PER CURIAM.
Appellant challenges a final agency decision determining that Florida Administrative Code Rule 69140.103 is an invalid exercise of delegated legislative authority in violation of section 120.51(8)(b), & (d), Florida Statutes. We affirm.[1]
*725 Appellee was the general contractor for construction of the First District Court of Appeal building under a contract with the Department of Management Services (“the Department”). Pursuant to a change order, Appellee subcontracted with Signature Art Gallery (“Signature”) for acquisition, fabrication, preparation, and installation of all artwork in the courthouse. The subcontract price was $857,500, but the change order included an additional amount for Appellee’s management and supervision services. Signature completed the work and billed Appellee who submitted invoices for payment to the Department. In turn, the Department submitted payment requests to Appellant. Appellant made partial payment but denied the remainder, contending that the amount billed by Signature exceeded the statutory limit of $100,000 for art in public buildings, pursuant to section 255.043, Florida Statutes (2012).[2] The Department resubmitted the invoice for payment. Appellant again denied payment of the remaining Signature invoices, stating, inter alia, that rule 691-40.103(6) prohibited expenditures of state funds for decorative items such as framed photographs. Rule 691 — 40.103 provides:
691-40.103. Restriction of Expenditures. Expenditures from state funds for items as listed below are prohibited unless “expressly provided by law.” (See Attorney General opinion 71-28):
(1) Congratulatory telegrams;
(2) Flowers and/or telegraphic condolences;
(3) Presentment of plaques for outstanding service;
(4) Entertainment for visiting dignitaries;
(5) Refreshments such as coffee and doughnuts; and
(6) Decorative items (globes, statues, potted plants, picture frames, etc.).
Signature, thereafter, filed suit for payment in the Leon County Circuit Court (case no. 2011-CA-001706) against Appel-lee, the Department, and Appellant. Appellant raised rule 691^10.103 as an affirmative defense to Signature’s claims. While Signature’s lawsuit was pending, Appellee filed an administrative challenge to rule 691-40.103. Appellee alleged that the rule was an invalid exercise of delegated legislative authority pursuant to section 120.52(8), Florida Statutes. Appellant sought dismissal of the rule challenge on the basis that Appellee lacked standing. The administrative law judge (“ALJ”) disagreed and denied the motion to dismiss. After considering the submissions of the parties, the ALJ entered a final order in favor of Appellee. The ALJ determined that “rule 691-40.103 constitutes an invalid exercise of delegated legislative authority in violation of subsection 120.52(8)(b) and (d).”
Appellant asserts as its threshold issue that Appellee lacked standing to initiate the rule challenge. We disagree. Section 120.56(l)(a), Florida Statutes (2012), provides that “[a]ny person substantially affected by a rule or a proposed rule may seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority.” We agree *726 with the ALJ’s reasoning that Appellee has established standing under the statute. It was directly affected by the application of the rule in that its payment request, which included its overhead and supervision fee, was denied, in part, based on Appellant’s interpretation and reliance on the rule. See Lanoue v. Fla. Dep’t of Law Enf., 751 So.2d 94, 98-99 (Fla. 1st DCA 1999) (holding that ALJ erred in determining party lacked standing).
Addressing the merits, we conclude that the ALJ was correct in her conclusion that the rule impermissibly exceeded the authority granted under the enabling statute. An agency may only adopt rules that implement or interpret specific powers and duties granted by an enabling statute. Without an explicit power or duty identified in the enabling statute, the rule is an invalid exercise of delegated legislative authority. Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 599 (Fla. 1st DCA 2000); see also § 120.52(17), Florida Statutes (2012) (defining “rulemaking authority”).
Section 120.52(8), Florida Statutes (2012), defines “invalid exercise of delegated legislative authority,” in pertinent part, as
action that goes beyond the powers, functions, and duties delegated by the Legislature. A proposed or existing rule is an invalid exercise of delegated legislative authority if any one of the following applies:
[[Image here]]
(b) The agency has exceeded its grant of rulemaking authority, citation to which is required by s. 120.54(3)(a)l.;
[[Image here]]
(d) The rule is vague, fails to establish adequate standards for agency decisions, or vests unbridled discretion in the agency;
[[Image here]]
A grant of rulemaking authority is necessary but not sufficient to allow an agency to adopt a rule; a specific law to be implemented is also required. An agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute. No agency shall have authority to adopt a rule only because it is reasonably related to the purpose of the enabling legislation and is not arbitrary and capricious or is within the agency’s class of powers and duties, nor shall an agency have the authority to implement statutory provisions setting forth general legislative intent or policy. Statutory language granting rulemaking authority or generally describing the powers and functions of an agency shall be construed to extend no further than implementing or interpreting the specific powers and duties conferred by the enabling statute.
Rule 691-40.103 prohibits expenditures from state funds, unless expressly provided by law, for enumerated items, including “(6) Decorative items (globes, statues, potted plants, picture frames, etc.).” According to the rule, it was adopted in 1975, amended in 1995, and was created under the authority of section 17.29, Florida Statutes, which provides:
17.29. Authority to prescribe rules.— The Chief Financial Officer may adopt rules pursuant to ss. 120.536(1) and 120.54 to implement this chapter and the duties assigned by statute or the State Constitution. Such rules may include, but are not limited to, the following: (1) Procedures or policies relating to the processing of payments from salaries, other personal services, or any other applicable appropriation.
*727 (2) Procedures for processing inter-agency and intraagency payments that do not require the issuance of a state warrant.
(3) Procedures or policies requiring that payments made by the state for goods, services, or anything of value be made by electronic means, including, but not limited to, debit cards, credit cards, or electronic funds transfers.
(4) A method that reasonably accommodates persons who, because of technological, financial, or other hardship, may not be able to receive payments by electronic means. The Chief Financial Officer may make payments by state warrant if deemed administratively necessary.
The ALJ concluded that rule 691-40.103 was an invalid exercise of the Chief Financial Officer’s (the “CFO”) rulemaking authority because it was not specifically authorized by its enabling statute, section 17.29, Florida Statutes (2012). The ALJ reasoned that while section 17.29 conferred broad powers and duties on the CFO to process day-to-day payments, it did not explicitly authorize the CFO to restrict expenditures. With respect to each of the subsections in section 17.29, the ALJ stated that
section 17.29(1) specifically authorizes the CFO only to process expenditures, not to prohibit them. Section 17.29(2) only relates to procedures for processing interagency and interagency [sic] payments, which is not related to the challenged rule. Additionally, subsections 17.29(3) and (4), deal with electronic means for payments, which are not issues relating to what is reimbursable as an expenditure.
The ALJ concluded that “there is simply no language within the text of section 17.29 which suggests that the CFO is authorized to adopt rules restricting expenditures. Therefore, rule 691^10.103 does not implement or interpret any specific power or duty granted by section 17.29.” We agree with the ALJ’s interpretation of section 17.29 and her conclusion on this point.
In addition to listing section 17.29 as its specific authority, rule 691-40.103 also lists sections 17.001,17.03, and 215.42, Florida Statutes, as “law implemented.” Section 120.52(2), Florida Statutes (2012), defines “law implemented,” as “the language of the enabling statute being carried out or interpreted by an agency through rulemaking.” As it did below, Appellant also contends that section 17.29(1) and 17.03(1) together provide sufficient authority for the rule. The ALJ rejected Appellant’s argument that she should look to both section 17.29 and section 17.03 to find authority for the rule. Citing Department of Children & Family Services v. I.B., 891 So.2d 1168, 1172 (Fla. 1st DCA 2005), the ALJ determined that Appellant could only rely on statutory provisions cited by the rule as “specific authority.” The rule cites section 17.03 as a “law implemented” and not as “specific authority.” The ALJ determined that this did not confer authority for the rule.
Even were we to consider both statutes together, we nevertheless reach the same result. By its language, section 17.03(1) merely requires that the CFO examine, audit, and settle all claims against the state. It does not provide or explicitly allow the CFO to restrict an agency’s expenditures for particular categories of items unless such items are “expressly” authorized. The CFO has no authority to supervise the operation of other state officers or state agencies in the exercise of the discretion vested in them by law. Fla. Dev. Comm’n v. Dickinson, 229 So.2d 6, 8 (Fla. 1st DCA 1969). We accordingly conclude that section 17.03(1), whether separately considered or in combination with *728 section 17.29, does not provide a specific grant of legislative authority for rule 691-40.103.
The ALJ also found rule 691-40.108(6) invalid as too vague and subject to inconsistent application. An administrative rule is invalid under section 120.52(8)(d), Florida Statutes, if it forbids or requires the performance of an act in terms that are so vague that persons of common intelligence must guess at its meaning and differ as to its application. Bouters v. State, 659 So.2d 235, 238 (Fla.1995); Sw. Fla. Water Mgmt. Dist. v. Charlotte Cnty., 774 So.2d 903, 915 (Fla. 2d DCA 2001). Generally, where words or phrases are not defined, they must be given their common and ordinary meaning. Sw. Fla. Water Mgmt. Dist., 774 So.2d at 915. “[T]he plain and ordinary meaning of [a] word can be ascertained by reference to a dictionary.” Green v. State, 604 So.2d 471, 473 (Fla.1992). The ALJ made the following findings with respect to vagueness:
33. Even though rule 691-40.103(6) provides examples of “globes, statues, potted plants, picture frames, etc.” as set forth in paragraph 16 above, subpart (6) is still vague because no qualifying language is available as a standard to determine what items are covered and what items are not based on the examples. A wide range of things can be considered and different people can guess at its meaning or come up with various interpretations for “decorative items.”
34. [Appellant’s] contention that Signature’s contract for “framed pictures” falls within the interpretation of rule 691^40.103(6) is not persuasive. First, it is important to note that [Appellant] does not use the terminology in the rule, “picture frames,” in its argument but transposes the phraseology to “framed pictures,” which has a different common interpretation.... [Contrary to [Appellant’s] argument, even “picture frames” in the example portion of the rule plainly means something different from “framed pictures.”
35. Additionally, the subcontract between [Appellee] and Signature was also for the reproduction and permanent installation of historical photographic images. [The Department’s] approval of the subcontract payment and [Appellant’]s contrary denial of the payment, both of which decisions were taken in reliance of rule 691^40.103, shows that the restricted items are not clearly defined. If the definition were clear, both agencies would have reached the same conclusion. Additionally, had the rule provided a specific standard then no differing interpretations could be made when deciding the meaning of “decorative item.”
36. The undersigned also finds that by the challenged rule listing “etcetera” in the example portion, no adequate standards are established for [Appellant] to make a decision about “decorative items.”
37. Therefore, since there are no sufficient explicit standards for applying rule 691 — 40.103(6), the challenged rule is subject to inconsistent application and leaves [Appellant] with unbridled discretion. Consequently, rule 691-40.103(6) is vague and an invalid exercise of delegated legislative authority in violation of section 120.52(8)(d).
We agree with the ALJ’s conclusions on this point.
AFFIRMED.
TORPY, V., LAWSON, C., and BERGER, W., Associate Judges, concur.

. By order of the Chief Justice of the Florida Supreme Court, the judges of the Fifth Dis *725 trict Court of Appeal were appointed temporary judges of the First District to determine this case.

. Section 255.043(1) provides that each appropriation for original construction of a state building with public access “shall include an amount of up to 0.5 percent of the total appropriation for the construction of the building, not to exceed $100,000, to be used for the acquisition of works of art,” which must be displayed in public areas of the building.