CLARK, J.,
dissenting.
I respectfully dissent.
Rule 6A-14.0411, Florida Administrative Code, is an invalid exercise of legislative power. The rule constitutes a comprehensive and wide-ranging policy creating con- *520 tinning contracts (tenure) - for some faculty — as designated in the rule — at State colleges. The parties agree that continuing contracts are the .equivalent of tenure. The enabling legislation does not explicitly authorize the State Board of Education (SBE) to. determine by rule 1) whether certain faculty members at State colleges and universities should be issued continuing contracts (the equivalent of tenure); 2) whether certain faculty members may not be issued continuing contracts; 3) the eligibility requirements, qualifications and performance criteria for continuing contracts; 4) the procedures and processes by which continuing contracts can be earned, retained, or terminated; 5) which exemptions are appropriate for transitioning continuing contracts; or 6) the maximum length or duration of continuing contracts. The lack of explicit legislative authorization for the adoption of this comprehensive rule is fatal to its validity.
Sections 1012.83 and 1012.855, Florida Statutes, do not provide authority for the adoption of rule 6A-14.0411. The rule was not properly adopted under a grant of authority in section 1001.02(6), as the enabling statute lacks the specific authority for the adopted rule.
The grant of authority in section 1001.02(6) is a general grant of authority for the SBE to “prescribe minimum standards, definitions and guidelines for Florida College System institutions that will ensure the quality of education, coordination among the Florida College System institutions and state universities, and efficient progress toward accomplishing the Florida College System mission. At a minimum the rule must address (a) personnel, and (b) contracting.” Section 1001.02(6), sets forth what subjects the SBE is to address in its rulemaking, but does not explicitly authorize the SBE to determine qualifications, eligibility, criteria, processes, limitations or duration for continuing contracts.
This Court has determined that “the authority to adopt an administrative rule must be based on an explicit power or duty identified in the enabling statute.” Sw. Water Mgmt. Dist. v. Save the Manatee Club, 773 So.2d 594, 599 (Fla. 1st DCA 2000). Accordingly, a general grant of authority to address a subject does not provide valid exercise of delegated legislative authority.
Section 120.52(8) provides:
A grant of rulemaking authority is necessary but not sufficient to allow an agency to adopt a rule; a specific law to be implemented is also required. An agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute. No agency shall have authority to adopt a rule only because it is reasonably related to the purpose of the enabling legislation and is not arbitrary and capricious or is within the agency’s class of powers and duties, nor shall an agency have the authority to implement statutory provisions setting forth general legislative intent or policy. Statutory language granting rulemaking authority or generally describing the powers and functions of an agency shall be construed to extend no further than implementing or interpreting the specific powers and duties conferred by the enabling statute.
Although this rule is related to the subject of the enabling legislation — personnel and contracting — that is insufficient. In amending section 120.52(8) in 1999, the legislature specifically rejected the notion that rulemaking authority is authorized simply because the rule relates to the subject of the legislation. Section 120.52(8) provides that “an agency may adopt only rules that implement or interpret the spe *521 cific powers and duties granted by the enabling statute.” See Save the Manatee Club, 773 So.2d at 598.
I recognize this Court need not be concerned that the enabling statute is specific enough. “Either the enabling statute authorizes the rule at issue or it does not.” Id. at 599. But this Court should be deeply concerned that the enabling statute is not at all specific about the SBE developing broad policy for continuing contracts for State university and college faculty. In fact, neither section 1001.02(6) nor any of the statutes referenced in the majority opinion — even when read together — grant any such authority.
Because the enabling legislation is not specific and does not explicitly allow the SBE to create public policy on tenure, I would conclude the rule was adopted without appropriate legislative authority.
I would reverse and declare rule 6A-14.0411 invalid.