THOMPSON, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a final order determining that Fla.Admin.Code Rule 10M-12.001, a proposed rule amendment which defines the term “integral programs” as it is used in the statutory definition of “child care facilities” of § 402.302 Fla.Stat. (1985), constitutes an arbitrary and invalid exercise of delegated legislative authority. We affirm.
Chapter 402, Florida Statutes, provides for the licensure of child care facilities by the state. Section 402.302(4), Fla.Stat. (1985) provides:
“Child care facility” includes any child care center or child care arrangement which provides child care for more than five children unrelated to the operator and which receives a payment, fee, or grant for any of the children receiving care, whereever operated, and whether or not operated for profit. The following are not included: public schools and nonpublic schools and their integral programs; summer camps having children in full-time residence; summer day camps; and Bible Schools normally conducted during vacation periods.
HRS undertook to define the term “integral programs” as it is used in the statute, and promulgated a proposed amendment to Fla.Admin.Code Rule 10M-12.001 which provides:
(b) Public and nonpublic schools and their integral programs are not child care facilities as defined in Section 402.302(4) Florida Statutes, and are not subject to licensure.
1. The term “integral programs” includes school activities which are directly related to the educational component of the school for 5 year old kindergarten programs through grade 12, and extra curricular activities, such as sport teams, school yearbook, school band, meetings, and service clubs. The term also includes child care programs administered directly by the school to care and supervise the children in attendance at the school from 5 year old kindergarten through grade 12 before and after the school day.
2. The term “integral program” does not include child care programs for children below 5 year old kindergarten, such as infants and preschoolers, and child care programs which are contracted by the school to provide care and supervision for children from 5 year old kindergarten through grade 12 before and after the school day.
The hearing officer correctly concluded that the proposed rule is an invalid attempt by HRS to legislate, as the rule contravenes and modifies the statute it purports to explain. The term “integral program” is not a technical or specialized term, but is susceptible to a plain meaning interpretation. Cf Department of Professional Regulation, Board of Professional Engineers v. Florida Society of Professional Land Surveyors, 476 So.2d 939 (Fla. 1st DCA 1985). HRS acknowledges it has no authority to regulate either child care programs in public schools or programs in religious nonpublic schools, and that requiring licensure of programs only in nonreligious nonpublic schools would be discriminatory. We agree with the hearing officer’s conclusion that HRS’s proposed rule *1030 which nevertheless attempts to do so is arbitrary and capricious. Id.; Grove Isle, Ltd. v. State, Department of Environmental Regulation, 454 So.2d 571 (Fla. 1st DCA 1984).
The hearing officer is also correct in her conclusion that the proposed rule does not comply with § 120.54 Fla.Stat. because it fails to give notice of the agency’s intended action. HRS has acknowledged that it plans to substantially amend the proposed rule to conform with its true purpose of licensing only the child care programs of nonreligious nonpublic schools. In further contravention of § 120.54, the legal authority cited by the proposed rule provides neither specific nor implied rulemaking authority to HRS with regard to the rule in question. Nor was the rule accompanied by an adequate economic impact statement. We disagree with the hearing officer’s final order only to the extent that it may be interpreted as holding that HRS possesses no rulemaking authority whatsoever. Our holding is limited to approving the hearing officer’s conclusion that in adopting proposed rule 10M-12.001 HRS has exceeded its authority and that the rule constitutes an invalid exercise of delegated legislative authority.
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.