ALLEN, Judge.
The appellant challenges a final order of the Board of Hearing Ad Specialists (the board) by which his license was revoked due to his violations of section 484.056(l)(t), Florida Statutes (1989), which prohibits canvassing for the purpose of selling a hearing aid. We set aside the order because the statute unlawfully infringes upon the appellant’s First Amendment right to engage in commercial speech.
*451 The appellant, who was a licensed hearing aid specialist, was provided access to patient files of an optometrist. The optometrist had made “HL” notations on the files of those patients who suffered from hearing loss. The appellant instructed one of his employees to telephone each of the patients with “HL” file notations and offer them a free hearing test at the appellant’s place of business. After numerous eaEs were placed and several hearing tests were conducted, the Department of Business and Professional Regulation (the department) filed an administrative complaint against the appeEant asserting that he had violated section 484.056(l)(t), which provides, in relevant part, that disciplinary action may be taken against a licensee for “[c]anvassing from house to house or by telephone either in person or by an agent for the purpose of selling a hearing aid.” FoEowing an administrative hearing, the hearing officer recommended that the board find the appeEant guEty of repeated violations of section 484.056(l)(t), and that the board revoke the appeEant’s Ecense. The board thereafter entered its final order whereby it adopted the hearing officer’s findings of fact and conclusions of law and revoked the appeEant’s H-cense.
The parties agree that the appeEant’s First Amendment chaEenge to the statute’s limitation of his right to commercial speech is subject to “intermediate” scrutiny and must be analyzed under the test set forth in Central Hudson Gas & Electric Corp. v. Public Service Commission of New York, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), and more recently reiterated in Florida Bar v. Went For It, Inc., — U.S. -, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995); Rubin v. Coors Brewing Co., — U.S. -, 115 S.Ct. 1585, 131 L.Ed.2d 532 (1995); and Edenfield v. Fane, 507 U.S. 761, 113 S.Ct. 1792, 123 L.Ed.2d 543 (1993). These cases indicate that the government may freely regulate commercial speech that concerns unlawful activity or is misleading. But commercial speech that faEs into neither of those categories may be regulated only if the government satisfies a test consisting of three related prongs: (1) the government must assert a substantial interest in support of its regulation; (2) the government must demonstrate that the restriction on commercial speech directly and materiaEy advances that interest; and (3) the regulation must be narrowly drawn. The parties agree that telephoning prospective hearing aid purchasers and offering them a free hearing test is not Elegal outside the context of the subject statute and is not misleading, so we must determine whether the Central Hudson test has been satisfied. Although we conclude that the asserted governmental interest is substantial, the department has failed to demonstrate that section 484.056(l)(t) advances that interest.
Citing section 484.0401, Florida Statutes (1989), the department argues that the state has a substantial interest in regulating the sale of hearing aids, and that prevention of “intimidation, harassment, or coercion by a hearing aid specialist or his agent,” the asserted purpose for section 484.056(l)(t), is a significant element of such regulation. We agree that the first prong of the Central Hudson test is satisfied.
Although the second prong of the Central Hudson test requires a showing that the restriction on commercial speech directly and materiaEy advances the substantial interest of the state, the department offers no evidence in support of its contention that section 484.056(l)(t) so advances the governmental purpose of preventing intimidation, harassment, or coercion by hearing aid speciaHsts or their agents. The department acknowledges “the need for the free flow of information about hearing aid specialist services to be disseminated to the pubHc in order that inteHigent, weE informed decisions may be made regarding the purchase and use of a hearing aid.” But, without evidentiary support, the department asserts that “[wjith person to person contact ... the possibility for intimidation and over reaching [is] greatly enhanced.” (Emphasis added.)
We recognize that hearing aid speciaHsts who are precluded from canvassing are thereby denied an opportunity to intimidate, harass, or coerce prospective hearing aid purchasers. But the First Amendment right to engage in commercial speech may not be *452 so significantly limited on mere speculation that such behavior might possibly occur. As the United States Supreme Court has explained, Central Hudson’s second prong “ % not satisfied by mere speculation and conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree.’ ” Rubin, — U.S. at -, 115 S.Ct. at 1592, 131 L.Ed.2d at 541 — 42 (quoting Edenfield, 507 U.S. at 770-71, 113 S.Ct. at 1800, 123 L.Ed.2d at 555). See also Florida Bar, — U.S. at -, 115 S.Ct. at 2377, 132 L.Ed.2d at 550.
Speculation as to possibilities is the exclusive basis for the department’s contention that Central Hudson’s second prong is satisfied. The department has presented no studies that suggest that allowing personal solicitation by hearing aid specialists or their agents would create any real danger of fraud, intimidation, overreaching, harassment, or coercion. The department has not even provided anecdotal evidence, from Florida or elsewhere, to validate the department’s assumptions that such behavior by hearing aid specialists is likely to occur. Indeed, the hearing officer in this case made a specific finding that no harm to any client had been proven. The department’s defense of the statute here is closely analogous to the speculative and unsuccessful defense of a similar limitation on accountants in Edenfield, and markedly contrasts with the successful defense founded upon extensive statistical and anecdotal evidence in Florida Bar.
Because the department has not demonstrated that the asserted state interest is advanced by the statutory limitation on commercial speech, the appealed order is set aside and this case is remanded.
BARFIELD and DAVIS, JJ., concur.