752 So.2d 124 (2000)
Arthur F. DALEY, Petitioner,
v.
CITY OF SARASOTA, Respondent.
No. 2D99-2740.
District Court of Appeal of Florida, Second District.
March 8, 2000.
Mark A. Gruwell, Sarasota, for Petitioner.
Michael S. Perry of Taylor, Lawless and Singer, P.A., Sarasota, for Respondent.
PER CURIAM.
Petitioner Arthur F. Daley ("Daley") seeks certiorari review of a decision of the circuit court, sitting in its appellate capacity, which reversed a county court order declaring unconstitutional as overly broad a portion of a noise ordinance enacted by the respondent, City of Sarasota (the "City"). We conclude that the circuit court departed from the essential requirements of law in finding the challenged portion of the ordinance to be "narrowly tailored to achieve the legitimate interest in regulating unreasonable sound" and in *125 concluding that Daley's challenges to the noise ordinance were not "real and substantial." We accordingly issue the writ and quash the order under review.
The City enacted ordinance number 97-4019, which created, among other things, section 8-322.1(a) of the Sarasota Zoning Code. The portion of the ordinance challenged in this proceeding prohibits all amplified sound in nonenclosed structures in the area zoned Commercial Business-Newtown (CBN), during certain hours of each day, regardless of the decibel level of the sound being produced and regardless of whether the sound is audible outside the structure. The challenged portion of the ordinance provides:

Amplified sound prohibited: Amplified sound not in a completely enclosed structure is prohibited between the hours of 10:00 p.m. and 7:00 a.m. the following morning on Sunday through Thursday, inclusive, except the day prior to a holiday, or between the hours of 11:59 p.m. and 10:00 a.m. the following morning, on Friday, Saturday, and the day prior to a holiday. This section shall not apply to structures or portions thereof used primarily for residential purposes.
"Amplified sound" is defined as the "using or operating for any purpose, or permitting the operation or use for any purpose, any amplification system or any amplified radio, phonograph, tape player, television set, musical instrument, drum or similar device which is amplified." "Amplified" is defined as "to increase the strength, amount of or loudness of a device." The ordinance defines "completely enclosed building" instead of "completely enclosed structure" and requires all doors and windows of a business to remain closed, except for normal ingress and egress.
A temporary exemption from the ordinance can be obtained by a person who secures a specially limited permit from the city manager for community events or programs, construction, and demolition. A fairly long list of permanent exemptions includes noise from fire or burglar alarms, emergency sirens, church bells, cellular telephones, automobile sound equipment, and motorboats, as well as noncommercial public speaking covered by a different section of the City Code.
Daley owns a business within the district zoned CBN. He entertains his customers with both live band performances and recorded music. After receiving two citations for violating the amplified sound prohibition in the ordinance, Daley filed a motion in the county court to declare the City's noise ordinance unconstitutional. After a hearing the judge granted the motion, declaring the ordinance unconstitutional as overly broad and dismissing the citations against Daley.
The City appealed to the circuit court, which found that the ordinance was "narrowly tailored to achieve the legitimate interest in regulating unreasonable sound" and reversed the county court's order. The circuit court further described Daley's challenges to the noise ordinance as "hypothetical examples" and not "real and substantial overbreadth challenge[s]." Citing to Secretary of State of Maryland v. Joseph H. Munson Co., Inc., 467 U.S. 947, 964, 104 S.Ct. 2839, 81 L.Ed.2d 786 (1984), the circuit court found that any prosecution that might occur based on Daley's hypotheticals could be analyzed either by a limiting construction or an "as applied" constitutional standard. Our review of the ordinance and the applicable cases convinces us that, in coming to these conclusions, the circuit judge departed from the essential requirements of law by applying the incorrect law. See Haines City Community Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995).
"Music, as a form of expression and communication, is protected under the First Amendment." Ward v. Rock Against Racism, 491 U.S. 781, 790, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). This protection extends to amplified music. *126 The United States Supreme Court recognized in Saia v. New York, 334 U.S. 558, 68 S.Ct. 1148, 92 L.Ed. 1574 (1948), that the use of sound amplification equipment within reasonable limits is an aspect of free speech protected by the First Amendment. Furthermore, the mere existence of an alternative means of expression, such as unamplified speech, will not by itself justify a restraint on the particular means that the speaker finds more effective. See Reeves v. McConn, 631 F.2d 377, 382 (5th Cir.1980).
By enacting this ordinance, the City has sought to regulate protected free speech in a public forum. The government can constitutionally restrict such expression, even in a public place, if the limitations on the time, place, and manner of the protected speech are reasonable. The restrictions must be "justified without reference to the content of the regulated speech, ... [be] narrowly tailored to serve a significant governmental interest, and... leave open ample alternative channels for communication of the information." Ward, 491 U.S. at 791, 109 S.Ct. 2746 (quoting Clark v. Community for Creative Non-Violence, 468 U.S. 288, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984)).
The circuit court in this case found that the City had a legitimate interest in regulating "unreasonable" sound and its ordinance was "narrowly tailored" to achieve that interest. The City's ordinance, however, is not limited to prohibiting "unreasonable" sound. Instead, it prohibits all amplified sound emanating from incompletely enclosed structures within the district zoned CBN, during certain hours of each day, regardless of the volume of that sound and regardless of whether that sound can be heard outside of the structure.[1]
The goal of regulating unreasonable sound is unquestionably a matter within the City's province. However, that goal, no matter how laudable, cannot be achieved by the overbroad regulation of activities protected by the First Amendment. As currently written, the City's ordinance can be used to suppress First Amendment rights far more severely than can be justified by the City's interest in regulating unreasonable sound. See Saia, 334 U.S. at 562, 68 S.Ct. 1148; C.C.B. v. State, 458 So.2d 47, 49 (Fla. 1st DCA 1984).
The requirement of real and substantial overbreadth applies primarily "where conduct and not merely speech is involved." Broadrick v. Oklahoma, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). Here, of course, the City's noise ordinance is concerned primarily with regulating forms of speech and not conduct. Moreover, the "real and substantial" requirement is appropriate "in cases where, despite some possibly impermissible application, the `remainder of the statute... covers a whole range of easily identifiable and constitutionally proscribable... conduct.'" Munson, 467 U.S. at 964, 104 S.Ct. 2839 (quoting United States Civil Serv. Comm'n v. National Ass'n of Letter Carriers, 413 U.S. 548, 580-81, 93 S.Ct. 2880, 37 L.Ed.2d 796 (1973)). That is not the case here. The challenged portion of the City's noise ordinance does not contain a core of easily identifiable and proscribable conduct that it prohibits. Instead, it indiscriminately bans all amplified sound that does not emanate from a completely enclosed structure, during certain hours of each day, regardless of its volume.
The City's ordinance is flawed not simply because it sanctions some constitutionally-protected conduct, but because it is founded upon the mistaken premise that all amplified sound in nonenclosed structures is unreasonable during certain hours of the day and can be prohibited regardless *127 of the First Amendment rights it suppresses. It is therefore subject to facial attack. See Munson, 467 U.S. at 964, 104 S.Ct. 2839.
The City asserts that a limiting construction can be placed on the ordinance's application to avoid a finding of overbreadth if it is restricted to the prohibition of amplified commercial speech only. Imposing such a limitation, however, would not cure the constitutional infirmity. A blanket ban on all amplified commercial speech not emanating from within an enclosed structure during certain hours of each day, regardless of its volume, would still extend too far. See Beckwith v. Department of Bus. & Prof'l Regulation, Bd. of Hearing Aid Specialists, 667 So.2d 450, 451 (Fla. 1st DCA 1996).
City ordinance number 97-4019 is unconstitutional because it curbs First Amendment rights in a manner more intrusive than necessary. The City cannot absolutely ban all amplified sound in nonenclosed structures for certain hours each day regardless of its volume. The City may regulate amplified sound subject to strict guidelines and definite standards closely related to permissible governmental interests. Although the drafting of such an ordinance is a task for the City and not for this court, see C.C.B., 458 So.2d at 50, we note that any such regulation must be sufficiently definitive as to secure against arbitrary enforcement. See Easy Way of Lee County, Inc. v. Lee County, 674 So.2d 863, 866 (Fla. 2d DCA 1996).
We accordingly issue the writ and strike the challenged portion of City ordinance 97-4019. The order of the circuit court is quashed.
CAMPBELL, A.C.J., and CASANUEVA and DAVIS, JJ., Concur.
NOTES
[1] We point out that in the absence of any objective criteria, such as decibel limitation, unamplified sound greater in volume than amplified sound is permissible under the ordinance.