PER CURIAM.
Appellant, Marvin Vaun Frandsen, challenged Florida Administrative Code Rule 62D-2.014(18) as being an invalid exercise of delegated legislative authority. The Administrative Law Judge found that the rule was valid. On appeal, Appellant also argues that Rule 62D-2.014(18)[1] is unconstitutional on its face.[2] We affirm.
An agency may adopt rules “only where the Legislature has enacted a specific statute, and authorized the agency to implement it, and then only if the (proposed) rule implements or interprets specific powers or duties.... ” State, Board of Trustees of the Internal Improvement Trust Fund v. Day Cruise Assoc., Inc., 794 So.2d 696, 700 (Fla. 1st DCA 2001). “The question is whether the statute contains a specific grant of legislative authority for the rule, not whether the grant of authority is specific enough.” Southwest Florida Water Management District v. Save the Manatee Club, Inc., 773 So.2d 594, 599 (Fla. 1st DCA 2000). In this case, in section 258.007(2), Florida Statutes (1999), the Legislature granted the Division of Recreation and Parks the authority to make rules to carry out its specific duties. It also established that the Division’s specific duties were to “supervise, administer, regulate, and control the operation of all public parks ...” and to “preserve, manage, regulate, and protect all parks and recreational areas held by the state.... ” Sec. 258.004, Fla. Stat. (1999). The rule in question falls under the specific grant of authority and is otherwise a valid exercise of delegated legislative authority. See sec. 120.52(8), Fla. Stat. (2001).
Turning to one of Appellant’s constitutional challenges, we first note that the rule does not operate as a prior restraint on speech. “A prior restraint on expression exists when the government can deny access to a forum for expression before the expression occurs.” U.S. v. Frandsen, 212 F.3d 1231, 1238-39 (11th Cir.2000). A park visitor need not obtain a permit or license prior to engaging in any free speech activity under the rule.
The government may restrict expression, even in a public forum like a state park, as long as the restrictions on the time, place, and manner of the protected speech are reasonable. The restrictions must be “justified without reference to the content of the regulated speech, ... [be] narrowly tailored to serve a significant governmental interest, and ... leave open ample alternative channels for communication of the information.” Daley v. Sarasota, 752 So.2d 124, 126 (Fla. 2d DCA 2000) (quoting Ward v. Rock Against Racism, 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989)). In Rock Against Racism, 491 U.S. at 791-92, 109 S.Ct. 2746 (citations omitted) the United States Supreme Court said:
The principal inquiry in determining content neutrality, in speech cases gen *270 erally and in time, place, or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys. The government’s purpose is the controlling consideration. A regulation that serves purposes unrelated to the content of expression is deemed neutral, even if it has an incidental effect on some speakers or messages but not others.
In this case, the rule operates as a warning that time, place, and manner restrictions may apply to a free speech activity. It is not concerned with the content of the expression but with the operation of the parks. Thus, it is content-neutral.
Next, the question is whether the rule is narrowly tailored to serve a significant government interest. Clearly, the state has a significant interest “in maintaining the parks ... in an attractive and intact condition, readily available to the millions of people who wish to see and enjoy them by their presence.” Clark v. Community for Creative Non-Violence, 468 U.S. 288, 296, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984). The state’s interest in regulating its parks through time, place, and manner restrictions on free speech activities has been discussed before:
However, the state may have a legitimate interest in providing a certain degree of privacy and freedom from demonstrators in particular areas of the park, to the extent that may be necessary to prevent interference with the intended use of those areas. Such a necessity arises in this case by virtue of the state’s second asserted interest: providing park visitors with a unique recreational experience based on the natural environment. At the outset, the Court recognizes that this is a significant state interest. It is a well-known fact that tourists and residents alike are attracted to Florida in large part due to its unique natural resources. Consequently, the state of Florida has devoted substantial amounts of time and money to preserving these resources at state-owned parks like MacArthur Beach State Park, and offering these parks as places where individuals may experience the “real” Florida without the usual distractions of everyday life. The state obviously has a significant interest in continuing to offer, and remaining able to deliver, this unique recreational experience.
In those areas of the park where visitors may experience the park’s unique environment on a most intimate level, such as on the beach or the nature trails, they are entitled to some privacy and freedom from solicitation. Without this privacy, a park visitor’s ability to appreciate the sights and sounds of nature would be severely undermined. It is certainly within the state’s prerogative, therefore, to provide park visitors with freedom from solicitation and demonstrations in those areas of the park where such activity would interfere with the area’s primary use: as a place where visitors may relax and “get in touch with nature.”
The Naturist Society, Inc. v. Fillyaw, 858 F.Supp. 1559, 1567-68 (S.D.Fla.1994).
The question for this court, then, is whether the rule is narrowly-tailored. A content-neutral time, place, and manner restriction that serves a legitimate government interest:
need not be the least restrictive or least intrusive means of doing so. Rather, the requirement of narrow tailoring is satisfied “so long as the ... regulation promotes a substantial government interest that would be achieved less effectively absent the regulation.”
*271 Rock Against Racism, 491 U.S. at 798-99, 109 S.Ct. 2746 (quoting United States v. Albertini, 472 U.S. 675, 689, 105 S.Ct. 2897, 86 L.Ed.2d 536 (1985)). Accepting the Department’s invitation to construe the phrase “interfere with any other park visitor’s enjoyment of the park’s natural or cultural experience” narrowly,[3] we find that the rule is narrowly-tailored. Lastly, we find that the rule leaves open ample, alternative channels for communication.
Thus, we hold that the rule is not an invalid exercise of delegated legislative authority, nor is it an unconstitutional restriction on free speech or otherwise unconstitutional. Accordingly, the order oh appeal is AFFIRMED.
MINER, PADOVANO and BROWNING, JJ., CONCUR.

. Rule 62D-2.014(18), entitled "Free Speech Activities,” says:
Free speech activities include, but are not limited to, public speaking, performances, distribution of printed material, displays, and signs. Free speech activities do not include activities for commercial purposes. Any persons engaging in such activities can determine what restrictions as to time, place, and manner may apply, in any particular situation, by contacting the park manager. Free speech activities shall not create a safety hazard or interfere with any other park visitor’s enjoyment of the park’s natural or cultural experience. The park manager will determine the suitability of place and manner based on park visitor use patterns and other visitor activities occurring at the time of the free speech activity.

. Appellant dropped his pursuit of an as-applied challenge prior to the final hearing.

. It is axiomatic that the government may not restrict speech on the grounds that someone in the audience may not like what he or she hears. However, the use of the word “enjoyment” in the rule clearly does not give park managers or anyone else the power to restrict speech solely because another park visitor may disagree with the message. The concern is not with the content of the message but with the manner with which it is delivered. The rule forbids getting in the way of other visitors' use of the park-whether it is blocking a nature trail, using sound amplification near a nesting site, erecting signs that block out the sun on the beach, or otherwise interfering "with the area’s primary use: as a place where visitors may relax and 'get in touch with nature.' ” See generally Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972) (upholding ordinance that restricted speech that interrupted school).