891 So.2d 1168 (2005)
STATE of Florida, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellant,
v.
I.B. and D.B., Appellees.
No. 1D04-0355.
District Court of Appeal of Florida, First District.
January 31, 2005.
George P. Beckwith, Jr., Esquire, Daytona Beach and Jeffrey Dana Gillen, Esquire, West Palm Beach, for Appellant.
Richard J. D'Amico, Esquire, Daytona Beach and Rick Brown, Esquire, Daytona Beach, for Appellees.
*1169 BENTON, J.
The Department of Children and Family Services (DCFS) appeals a final order which held that "Florida Administrative Code Rule 65C-16.008(2) is an invalid exercise of delegated legislative authority." We affirm.
I.B. and D.B. brought the rule challenge below in connection with their efforts to adopt T.T., who, under their agreement with DCFS to provide substitute care for dependent children, resided in their home from February 2002 until on or about June 6, 2003. After a court order terminated T.T.'s biological parents' parental rights, I.B. and D.B. filed an application to adopt T.T., which DCFS denied, approving instead the application of two of T.T.'s biological relatives.[1]
The invalidated rule provides: "Adoptive applicants do not have the right to appeal the department's decision on the selection of an[ ] adoptive home for a particular child." Fla. Admin. Code R. 65C-16.008(2) (2003). An intended effect of the rule is to insulate agency decisions "on the selection of an [ ] adoptive home" from the scrutiny otherwise available in substantial interest proceedings under provisions of the Administrative Procedure Act, specifically sections 120.569 and 120.57, Florida Statutes (2003).[2]
At the time DCFS denied their application to adopt T.T., a DCFS rule required that I.B. and D.B. "be told of that decision in writing and be advised of ... their right to a hearing pursuant to s. 120.57, F.S." Fla. Admin. Code R. 65C-16.008(1) (2002). See generally Z.J.S. v. Dep't of Child. & Fams., 787 So.2d 875, 879 (Fla. 2d DCA 2001) ("Although the Department has ... discretion in determining where a child should be placed, the relatives [seeking custody and the right to adopt] may retain some administrative remedies regarding the Department's decisions about the placement of this child. See, e.g., Fla. Admin. Code. R. § 65C-16.002(2), .005, .008 (providing for an Adoptive Applicant Review Committee for dispute resolution and further administrative review).").
Once I.B. and D.B. requested a hearing pursuant to section 120.57, Florida Statutes, DCFS referred the substantial interest proceeding to the Division of Administrative Hearings (DOAH). Only after the matter had been referred to DOAH, did the version of the rule that I.B. and D.B. later challenged take effect. When it took effect, DCFS sought on the authority of the amended rule to dismiss the substantial interest proceeding.
As a countermeasure, I.B. and D.B. filed their rule challenge petition at the Division of Administrative Hearings, so initiating *1170 the separate rule challenge proceeding that culminated in the order under review. In the rule challenge proceeding, too, DCFS moved to dismiss on standing grounds. DCFS argues here, as it did below, that amending the rule had no substantial effect on I.B. and D.B. We cannot improve on the administrative law judge's succinct rejection of this unlikely contention:
Respondent denied Petitioners' application to adopt T.T. and seeks to rely on Florida Administrative Code Rule 65C-16.008(2) to deny Petitioners a right to challenge that decision. Accordingly, Petitioners have standing to challenge the validity of the subject rule.
I.B. and D.B. do not have  and do not assert  a legal right[3] to adopt T.T. But the Administrative Procedure Act does confer the right to "a hearing wherein they have an opportunity to change the agency's mind." Int'l Med. Ctrs., H.M.O. v. Dep't of Health & Rehab. Servs., 417 So.2d 734, 736-37 (Fla. 1st DCA 1982) ("HRS's contention that since it cannot be compelled to contract ... there is no reason to grant a hearing, misses the point."). The amended rule's purported nullification of the right to a substantial interest hearing under the Administrative Procedure Act  a right appellants, as petitioners below, had already invoked  had an evident, substantial effect on their procedural rights, whatever the hearing's eventual outcome.
The Legislature has recognized that foster parents and custodians who have opened their homes to a child for at least six months have, when they seek to adopt the child, the right  a right also formerly recognized by agency rule  to initiate a "formal challenge" to any DCFS decision authorizing the child's adoption by (an)other(s). Section 39.812(4), Florida Statutes (2004), provides:
When a licensed foster parent or court-ordered custodian has applied to adopt a child who has resided with the foster parent or custodian for at least 6 months and who has previously been permanently committed to the legal custody of the department and the department does not grant the application to adopt, the department may not ... remove the child from the foster home or custodian, except when:
....
(b) Thirty days have expired following written notice to the foster parent or custodian of the denial of the application to adopt, within which period no formal challenge of the department's decision has been filed;

(c) The foster parent or custodian agrees to the child's removal.
§ 39.812(4), Fla. Stat. (2004) (emphasis supplied). By inference from this provision *1171 alone  enacted by chapter 2004-389, section 1, Laws of Florida, after the amended rule was promulgated  the "department's interpretation of its regulatory authority is clearly at odds with statutory language to the contrary." Cleveland v. Fla. Dep't of Child. & Fams., 868 So.2d 1227, 1231 (Fla. 1st DCA 2004).
Petitioners did not, of course, have the burden to identify statutory language inconsistent with, or "to the contrary" of, the challenged rule. The challengers needed to meet only the less onerous burden of proving the absence of required statutory authority. The Administrative Procedure Act twice provides that an "agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute. No agency shall have the authority to adopt a rule only because it is reasonably related to the purpose of the enabling legislation...." §§ 120.52(8), 120.536, Fla. Stat. (2003). "A grant of rulemaking authority is necessary but not sufficient to allow an agency to adopt a rule; a specific law to be implemented is also required." Id.
"An agency may adopt rules `only where the Legislature has enacted a specific statute, and authorized the agency to implement it, and then only if the ... rule implements or interprets specific powers or duties....' State, Board of Trustees of the Internal Improvement Trust Fund v. Day Cruise Assoc., Inc., 794 So.2d 696, 700 (Fla. 1st DCA 2001)." Frandsen v. Dep't of Envtl. Prot., 829 So.2d 267, 269 (Fla. 1st DCA 2002). DCFS has not shown the administrative law judge's conclusion that "there are no statutes, collectively or individually, that provide [DCFS] with the necessary specific legislative authority" to be erroneous.[4]
Under the Administrative Procedure Act, each agency rule shall be accompanied by "a reference to the specific rulemaking authority pursuant to which the rule is adopted[ ] and a reference to the section or subsection of the Florida Statutes or the Laws of Florida being implemented, interpreted, or made specific." § 120.54(3)(a)(1.), Florida Statutes (2003); see also Osterback v. Agwunobi, 873 So.2d 437, 440 (Fla. 1st DCA 2004) ("[A]n agency engaging in rulemaking must identify both the statutory authority for the rulemaking and a statute or act to be implemented by the rulemaking."); Dep't of Health & Rehab. Servs. v. Fla. Ass'n of Academic Nonpub. *1172 Sch., 510 So.2d 1028, 1030 (Fla. 1st DCA 1987) ("In further contravention of § 120.54, the legal authority cited by the proposed rule provides neither specific nor implied rulemaking authority to HRS with regard to the rule in question."). "After adoption of a rule, the Department may not rely on statutory provisions not cited in the proposed rule as statutory authority. See Capeletti Bros., Inc. v. Department of Transportation, 499 So.2d 855 (Fla. 1st DCA), rev. denied, 509 So.2d 1117 (Fla.1987)." Fla. League of Cities v. Dep't of Ins., 540 So.2d 850, 865 (Fla. 1st DCA 1989).
Section 120.52(8), Florida Statutes (2003), lists the circumstances under which a proposed or existing rule is invalid, and specifies that the rule is invalid
if any one of the following applies:
(a)....
(b) The agency has exceeded its grant of rulemaking authority, citation to which is required by s. 120.54(3)(a)1.;
(c) The rule enlarges, modifies, or contravenes the specific provisions of law implemented, citation to which is required by s. 120.54(3)(a)1.
....
Petitioners have demonstrated the amended rule's invalidity both under section 120.52(8)(b), and under section 120.52(8)(c), Florida Statutes (2003).
Neither the "specific authority" nor the "law implemented" cited in Rule 65C-16.008 exempts the selection of adoptive homes from the Administrative Procedure Act or contemplates, much less authorizes, a rule that would have that effect. See State, Bd. of Trs. of the Internal Improvement Trust Fund v. Day Cruise Ass'n, Inc., 794 So.2d 696, 704 (Fla. 1st DCA 2001) ("[T]he test is whether a ... rule gives effect to a `specific law to be implemented,' and whether the ... rule implements or interprets `specific powers and duties.'"). As "specific authority," Rule 65C-16.008(2) cites sections 120.57, 120.68, 409.026(8), and 409.145. As "law implemented," Rule 65C-16.008(2) cites sections 120.68 and 409.145. Section 120.57 pertains to substantial interest hearings of the kind which the amended rule would forbid, not facilitate; and section 120.68 has to do with judicial review of agency action once an agency has made a decision  ordinarily after a hearing, except where hearing has been waived. Several years before the amended rule was proposed, section 409.026(8) was repealed by chapter 96-175, section 111, Laws of Florida. Finally, section 409.145 confers broad powers and duties on DCFS regarding the care of dependent children and makes specific mention of "adoption placement," but has nothing to say about excluding the selection of adoptive homes from the discipline and protections the Administrative Procedure Act affords.[5] The administrative law *1173 judge correctly determined that these statutes did not confer authority on DCFS to promulgate Rule 65C-16.008(2). See Day Cruise, 794 So.2d at 703-04 (holding Trustees' rule was an invalid exercise of delegated legislative authority "[i]n the absence of a specific power or duty enabling or requiring" the rule, notwithstanding statutes "describ[ing] the Trustees' functions and goals in broad terms"); S.W. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 599 (Fla. 1st DCA 2000) ("[T]he authority to adopt an administrative rule must be based on an explicit power or duty identified in the enabling statute. Otherwise, the rule is not a valid exercise of delegated legislative authority.").
In promulgating Rule 65C-16.008(2), DCFS sought to do nothing less than declare itself exempt from the Administrative Procedure Act, insofar as its decisions on applications for adoption are concerned. DCFS lacks this self-insulating authority. While "it is the department's role to protect the children in the State's care and to select suitable and permanent placement for these children," B.Y. v. Dep't of Child. & Fams., 887 So.2d 1253, 1256 (Fla.2004), absent any statutory exemption, the Administrative Procedure Act applies to DCFS, no less than to every other "state department, and each departmental unit." § 120.52(1)(b)(1.), Florida Statutes (2003).
The final order invalidating Florida Administrative Code Rule 65C-16.008(2) is affirmed.
PADOVANO and HAWKES, JJ., concur.
NOTES
[1] In the wake of DCFS's denial of their application, a court dismissed the petition for adoption that I.B. and D.B. had filed there. See I.B. & D.B. v. Dep't of Child. & Fams., 876 So.2d 581, 584 (Fla. 5th DCA 2004).
[2] The current version of Rule 65C-16.008, entitled "Dispute Resolutions and Appeals," provides in its entirety:

(1) When an adoptive applicant or parent is adversely affected by a decision or action taken by the department, ... efforts should be made to settle the dispute at the counselor/supervisor level. If this attempt is unsuccessful, the Adoption Review Committee will be convened as outlined in subsection 65C-16.005(9), F.A.C. If this review results in a decision by the district administrator that supports the departments/agency's original decision, the applicant or parent must be told of that decision in writing and advised of their judicial option as described in the Administrative Procedures [sic] Act, Section 120.68, F.S. and of their right to a hearing pursuant to Section 120.57, F.S.
(2) Adoptive applicants do not have the right to appeal the department's decision on the selection of and [sic] adoptive home for a particular child.
[3] DCFS rules grant current custodians and foster parents special consideration in evaluating applications for adoption:

Rule 65C-16.002 Adoptive Family Selection.
....
(3) It is the policy of the state and of the department that adoption placements must be made consistent with the best interest of the child.... The exercise of that judgment must be shaped by the following considerations:
....
(c) Current custodian priority.... If the custodian applies to adopt the child, the application must be evaluated to determine suitability through an adoptive home study. The home study must assess the length of time the child has lived in a stable, satisfactory environment and the depth of the relationship existing between the child and the custodian.... [I]ndividuals who might not be considered the placement of choice for children not known to them, can be the placement of choice for children with whom they have an existing stable relationship....
Fla. Admin. Code. R. 65C-16.002(3)(c) (2003).
[4] DCFS argues that statutes which give DCFS the responsibility "[t]o provide for the care, safety, and protection of children.... [and] [t]o ensure that permanent placement with the ... adoptive family is achieved as soon as possible for every child in foster care and that no child remains in foster care for longer than 1 year," § 39.001(1)(a), (1)(h), Fla. Stat. (2003), and say that "[t]he state has a compelling interest in providing stable and permanent homes for adoptive children in a prompt manner," § 63.022(1)(a), Fla. Stat. (2003), constitute sufficient authority for DCFS to promulgate Rule 65C-16.008(2), prohibiting affected applicants' resort to the Administrative Procedure Act.

DCFS seems to argue that, because there are statutes requiring expeditious adoptions (although none is cited as authority for Rule 65C-16.008(2)), DCFS may adopt any rule which expedites the adoption process. While administrative agencies unquestionably enjoy some latitude in adopting procedures for carrying out their statutory responsibilities, see Fla. Dep't of Bus. & Prof'l Reg. v. Inv. Corp. of Palm Beach, 747 So.2d 374, 384 (Fla.1999) ("[O]ur caselaw ... has recognized that `modern society requires that administrative agencies receive some flexibility in how they may use their authority.'") (citation omitted), no agency has authority to adopt an unauthorized rule purporting to suspend operation of the Administrative Procedure Act. See Fla. Bd. of Med. v. Fla. Acad. of Cosmetic Surgery, 808 So.2d 243, 253 (Fla. 1st DCA 2002); S.W. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 599 (Fla. 1st DCA 2000).
[5] Section 409.145, Florida Statutes (2003) provides:

(1) The department shall conduct, supervise, and administer a program for dependent children and their families. The services of the department are to be directed toward the following goals:
(a) The prevention of separation of children from their families.
(b) The reunification of families who have had children placed in foster homes or institutions.
(c) The permanent placement of children who cannot be reunited with their families or when reunification would not be in the best interest of the child.
(d) The protection of dependent children or children alleged to be dependent, including provision of emergency and long-term alternate living arrangements.
(e) The transition to self-sufficiency for older children who continue to be in foster care as adolescents.
(2) The following dependent children shall be subject to the protection, care, guidance, and supervision of the department or any duly licensed public or private agency:
(a) Any child who has been temporarily or permanently taken from the custody of the parents, custodians, or guardians in accordance with those provisions in chapter 39 that relate to dependent children.
(b) Any child who is in need of the protective supervision of the department as determined by intake or by the court in accordance with those provisions of chapter 39 that relate to dependent children.
(c) Any child who is voluntarily placed, with the written consent of the parents or guardians, in the department's foster care program or the foster care program of a licensed private agency.
(3) The circuit courts exercising juvenile jurisdiction in the various counties of this state shall cooperate with the department and its employees in carrying out the purposes and intent of this chapter.
(4) The department is authorized to accept children on a permanent placement basis by order of a court of competent jurisdiction for the single purpose of adoption placement of these children. The department is authorized to provide the necessary services to place these children ordered to the department on a permanent placement basis for adoption.
(5) Any funds appropriated by counties for child welfare services may be matched by state and federal funds, such funds to be utilized by the department for the benefit of children in those counties.
(6) Whenever any child is placed under the protection, care, and guidance of the department or a duly licensed public or private agency, or as soon thereafter as is practicable, the department or agency, as the case may be, shall endeavor to obtain such information concerning the family medical history of the child and the natural parents as is available or readily obtainable. This information shall be kept on file by the department or agency for possible future use as provided in ss. 63.082 and 63.162 or as may be otherwise provided by law.
(7) Whenever any child is placed by the department in a shelter home, foster home, or other residential placement, the department shall make available to the operator of the shelter home, foster home, other residential placement, or other caretaker as soon thereafter as is practicable, all relevant information concerning the child's demographic, social, and medical history.