919 So.2d 561 (2006)
DEPARTMENT OF HEALTH, The Florida Insurance Council, Inc., The Property Casualty Insurers Association of America, The American Insurance Association, The National Association of Mutual Insurance Companies, The Florida Automobile Joint Underwriting Association, State Farm Mutual Automobile Insurance Company, Allstate Insurance Company, Government Employees Insurance Company, The Florida Farm Bureau Insurance Companies, Liberty Mutual Insurance Group, First Floridian Auto and Home Insurance Company, and United Services Automobile Association, Appellants/Cross-Appellees,
v.
Richard W. MERRITT, D.C., Appellee/Cross-Appellant.
The Florida Insurance Council, Inc., The Property Casualty Insurers Association of America, The American Insurance Association, The National Association of Mutual Insurance Companies, The Florida Automobile Joint Underwriting Association, State Farm Mutual Automobile Insurance Company, Allstate Insurance Company, Government Employees Insurance Company, The Florida Farm Bureau Insurance Companies, Liberty Mutual Insurance Group, First Floridian Auto and Home Insurance Company, and United Services Automobile Association, Appellants,
v.
Richard W. Merritt, D.C., and Department of Health, State of Florida, Appellees.
Nos. 1D05-729, 1D05-818.
District Court of Appeal of Florida, First District.
January 5, 2006.
Rehearing Denied January 30, 2006.
*562 Donna Erlich and Lucy Schneider of Department of Health, Tallahassee, for Appellant/Cross-Appellee Department of Health.
E. Gary Early of Messer, Caparello & Self, P.A., Tallahassee for Appellee/Cross-Appellant Richard W. Merritt, D.C.
Cynthia S. Tunnicliff and Brian A. Newman of Pennington, Moore, Wilkinson, Bell & Dunbar, P.A., Tallahassee, for Appellants The Florida Insurance Council, Inc., The Property Casualty Insurers Association of America; the American Insurance Association, The National Association of Mutual Insurance Companies, The Florida Automobile Joint Underwriting Association, State Farm Mutual Automobile Company, Allstate Insurance Company, Government Employees Insurance Company, The Florida Farm Bureau Insurance Companies, Liberty Mutual Insurance Group, First Floridian Auto and Home Insurance Company, and United Services Automobile Association.
ALLEN, J.
The appellants in these consolidated administrative appeals challenge a final order by which an administrative law judge declared a portion of Florida Administrative Code Rule 64B-3.004 invalid. We conclude that the judge applied the correct standard when evaluating the evidence presented at the underlying de novo hearing, that the judge's material findings of fact are supported by competent substantial evidence, and that, in light of these findings, the judge properly determined that the portion of the rule at issue is an invalid exercise of delegated legislative authority. We accordingly affirm the final order.
In 2003, the Florida Legislature sought to relieve automobile insurance companies providing personal injury protection coverage of the burden of paying for or engaging in litigation regarding the use of certain diagnostic tests determined to be medically unnecessary for the treatment of an injured insured. Accordingly, the Legislature enacted section 627.736(5)(b)(6), Florida Statutes, which provides in material part:
The Department of Health, in consultation with the appropriate professional licensing boards, shall adopt, by rule, a list of diagnostic tests deemed not to be medically necessary for use in the treatment of persons sustaining bodily injury covered by personal injury protection benefits under this section. The initial list shall be adopted by January 1, 2004, and shall be revised from time to time as determined by the Department of Health, in consultation with the respective *563 professional licensing boards. Inclusion of a test on the list of invalid diagnostic tests shall be based on lack of demonstrated medical value and a level of general acceptance by the relevant provider community and shall not be dependent for results entirely upon subjective patient response.
The Department of Health subsequently commenced its statutorily required rulemaking process and, after reviewing a number of proposed diagnostic tests for inclusion on the list, adopted rule 64B-3.004, which provides:
For the purposes of Section 627.736(5)(b)6., F.S. (2003), the Department of Health, in consultation with the appropriate licensing boards, hereby adopts the following list of diagnostic tests based on their demonstrated medical value and level of general acceptance by the provider community:
(1) Spinal ultrasound, also known as sonography, ultrasonography, and echography, is deemed not to be medically necessary for use in the diagnosis and treatment of persons sustaining bodily injury covered by personal injury protection benefits.
(2) Surface EMG is deemed not to be medically necessary for use in the diagnosis of persons sustaining bodily injury covered by personal injury protection benefits.
(3) Somatosensory Evoked Potential is deemed not to be medically necessary for use in the diagnosis of radiculopathy or distal nerve entrapment when treating persons sustaining bodily injury covered by personal injury protection benefits.
(4) Dermatomal Evoked Potential is deemed not to be medically necessary for use in the diagnosis and treatment of persons sustaining bodily injury covered by personal injury protection benefits.
Appellee Richard Merritt, a licensed chiropractor, initiated the underlying section 120.56, Florida Statutes, rule challenge. He contested only the inclusion of surface EMG testing, arguing that the Department had engaged in an invalid exercise of delegated legislative authority by determining that this test lacked medical value and had failed to reach a level of general acceptance in the relevant provider community. After independently examining the evidence presented to the Department during its rulemaking proceedings as well as evidence presented for the first time at the section 120.56 hearing, the administrative law judge agreed with the appellee and entered the final order invalidating subsection (2) of the rule.
The appellants argue that the judge erred by undertaking an independent evaluation of the evidence. As they correctly note, this court, in Florida Board of Medicine v. Florida Academy of Cosmetic Surgery, Inc., 808 So.2d 243 (Fla. 1st DCA 2002), addressed the meaning of the term "competent substantial evidence" as used in section 120.52(8)(f), Florida Statutes, which provided at the time that an agency rule would be considered an invalid exercise of delegated legislative authority if it was "not supported by competent substantial evidence." Noting that "competent substantial evidence," as a legal term of art, could be construed as either a standard of proof or a standard of review, this court analogized the administrative law judge's function in a rule challenge proceeding to that of a circuit court judge reviewing quasi-judicial action by a local governmental authority, and concluded that an administrative law judge should be permitted only to review the record and determine whether the agency action was supported by legally sufficient evidence and should not engage in any re-weighing of that evidence.
*564 In the year following the publication of Cosmetic Surgery, the Legislature amended section 120.52(8) so as to eliminate the former subsection (f) and, in the same chapter law, amended section 120.56(1)(e) to clarify that hearings held with respect to challenges to an existing or proposed agency rule "shall be de novo in nature" and that the "standard of proof shall be the preponderance of the evidence." Ch. 2003-94, § 1, at 672, § 3, at 674, Laws of Fla. The only legislative intent that we can logically discern from these amendments is that our holding in Cosmetic Surgery regarding the limited ability of an administrative law judge to weigh the evidence presented in a rule challenge proceeding has been legislatively overruled.[1] Accordingly, in determining whether the challenged portion of the rule in the present case was an invalid exercise of delegated legislative authority, the judge properly considered, weighed (upon a preponderance of the evidence standard), and based her findings upon all of the available evidence, regardless of whether the evidence was presented to the Department during its rulemaking proceedings or was presented for the first time during the section 120.56 hearing.
The appellants next argue that the judge misconstrued the section 627.736(5)(b)(6) requirement that "[i]nclusion of a test on the list of invalid diagnostic tests shall be based on lack of demonstrated medical value" when the judge concluded that a test could not be included on the list if it was shown to have any medical value at all. Although the judge probably gave this statutory language an unduly restrictive reading, the final order clearly set forth the finding that surface EMG testing has significant medical value as a diagnostic tool with respect to the treatment of a patient suffering from injuries like those arising out of a motor vehicle accident. This finding is supported by competent substantial evidence and demonstrates that surface EMG diagnostic testing failed to satisfy the statutory requirement, even under the broader reading suggested by the Department, and thus should not have been included on the list.
The appellants likewise argue that the judge misconstrued the requirement in section 627.736(5)(b)(6) regarding the "level of general acceptance by the relevant provider community" because the judge limited the relevant provider community in this case to chiropractors, thereby excluding other providers, most notably medical doctors. But a thorough review of the *565 final order reveals that the judge's finding that surface EMG testing had reached a level of general acceptance in the relevant provider community was not limited to the chiropractic community alone. Competent substantial evidence supports this finding, and this again demonstrates that the statutory requirement was not satisfied.
The appellants also claim that the judge improperly interpreted section 627.736(5)(b)(6) as precluding the inclusion of an objective diagnostic test such as surface EMG testing on the list. The wording of the statute regarding subjective patient results is rather confusing, and it is difficult to understand precisely what meaning the legislature intended to convey by the words it chose. But because there were sufficient independent grounds for the judge's conclusion that the rule was an invalid exercise of delegated legislative authority, we need not construe this statutory language.
Because the judge's material findings of fact are supported by the record and demonstrate that surface EMGs failed to qualify for inclusion on the list of medically unnecessary diagnostic tests under section 627.736(5)(b)(6), the judge properly concluded that the Department exceeded its grant of delegated legislative authority when it adopted subsection (2) of Florida Administrative Code Rule 64B-3.004. The final order under review is therefore affirmed. In light of this disposition of the appeal, we need not address the appellee's cross appeal.
AFFIRMED.
VAN NORTWICK and POLSTON, JJ., concur.
NOTES
[1] We note that our conclusion on this point appears to be consistent with that of at least one commentator on the effect of these legislative amendments. In an article from the October, 2003, Florida Bar Journal, Lawrence Sellers surmises that the elimination of the "competent substantial evidence" language in the statute "is aimed at resolving the confusion recognized by the court in Florida Board of Medicine v. Florida Academy of Cosmetic Surgery, Inc., 808 So.2d 243 (Fla. 1st DCA 2002), regarding whether `competent substantial evidence' is a standard of proof or a standard of review." Mr. Sellers further comments,

Taken together, it seems clear that these changes do not in any way lessen the grounds for determining a rule to be invalid; indeed, they may well make it easier for a petitioner to successfully challenge a rule and more difficult for an agency to defend the challenged rule. In some cases, de novo review will benefit the agency, because the agency is not constrained by the evidence that it can demonstrate was actually before it during rulemaking (or included in the rulemaking record), but is free to offer new evidence that supports the rule before the ALJ, even if not initially considered.
Lawrence E. Sellers, The 2003 Amendments to the Florida APA, 77 Fla. B.J. 74 (Oct.2003) (footnote omitted).