PER CURIAM.
The Florida Department of Health (“the Department”) appeals from a Final Order of the Division of Administrative Hearings invalidating a rule promulgated by the Department that allocates trauma centers throughout the state of Florida. Appellee Shands Jacksonville cross-appeals the denial of its attorney fees below. We conclude that the administrative law judge correctly determined that the rule was inconsistent with the Department of Health’s grant of rulemaking authority, and we therefore affirm the order.
Four existing trauma centers in the State of Florida brought a rule challenge pursuant to sections 120.56(1) and (3) and 120.52(8), Florida Statutes, asserting that the Department’s existing rule 64J-2.010, Florida Administrative Code constituted an invalid exercise of delegated legislative authority. The subject rule allocates trauma centers throughout the state of Florida. It purports to be authorized by section 395.405, Florida Statutes and to implement sections 395.401, 395.4015, 395.402, and 395.405. Blake Medical Center and Regional Medical Center Bayonet Point, Florida hospitals with applications for designation as trauma centers pending at the time of the proceeding below, intervened in defense of the rule. Following a formal hearing, the judge issued an order concluding that the rule was invalid, both as exceeding or contravening the grant of legislative authority, and as arbitrary and capricious.
We do not agree with the part of the order that declares the rule invalid on the ground that it is arbitrary and capricious. By the terms of section 120.58(8)(e), Florida Statutes, a rule is arbitrary only if it is not supported by logic or the necessary facts and is capricious only if it is adopted without thought or reason or is irrational. See Florida Board of Medicine v. Fla. Academy of Cosmetic Surgery, Inc., 808 So.2d 243, 254 (Fla. 1st DCA 2002), superseded on other grounds by statute, as stated in Department of Health v. Merritt, 919 So.2d 561 (Fla. 1st DCA 2006); Dravo Basic Materials Co., Inc. v. State, Dep’t of Transp., 602 So.2d 632, 634 (Fla. 1st DCA 1992). The rule at issue here is in need of revision but it does fail under the definition of “arbitrary and capricious” in section 120.58(8)(e). Although we disagree with the judge on this point, we affirm the order on the ground that the rule is an invalid exercise of the Department’s rule-making authority.
On appeal, those parts of the determination that the rule exceeded or contravened the Department’s rulemaking authority that are based on the judge’s factual findings are subject to the competent substantial evidence standard of review. Those portions that are strictly interpretations of law are subject to de novo review. See Florida Board of Medicine v. Fla. Academy of Cosmetic Surgery, Inc., 808 So.2d 243, 254-55 (Fla. 1st DCA 2002), superseded on other grounds by statute, as stated in Department of Health v. Merritt, 919 So.2d 561 (Fla. 1st DCA 2006).
The term “invalid exercise of delegated legislative authority” is defined in section 120.52(8), Florida Statutes:
(8) “Invalid exercise of delegated legislative authority” means action that goes beyond the powers, functions, and duties delegated by the Legislature. A proposed or existing rale is an invalid exercise of delegated legislative authority if any one of the following applies:
*1019 (a) The agency has materially failed to follow the applicable rulemaking procedures or requirements set forth in this chapter;
(b) The agency has exceeded its grant of rulemaking authority, citation to which is required by s. 120.54(3)(a) 1.;
(c) The rule enlarges, modifies, or contravenes the specific provisions of law implemented, citation to which is required by s. 120.54(3)(a) 1.;
(d) The rule is vague, fails to establish adequate standards for agency decisions, or vests unbridled discretion in the agency;
(e) The rule is arbitrary or capricious. A rule is arbitrary if it is not supported by logic or the necessary facts; a rule is capricious if it is adopted without thought or reason or is irrational; or
(f) The rule imposes regulatory costs on the regulated person, county, or city which could be reduced by the adoption of less costly alternatives that substantially accomplish the statutory objectives.
A grant of rulemaking authority is necessary but not sufficient to allow an agency to adopt a rule; a specific law to be implemented is also required. An agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute. No agency shall have authority to adopt a rule only because it is reasonably related to the purpose of the enabling legislation and is not arbitrary and capricious or is within the agency’s class of powers and duties, nor shall an agency have the authority to implement statutory provisions setting forth general legislative intent or policy. Statutory language granting rulemaking authority or generally describing the powers and functions of an agency shall be construed to extend no further than implementing or interpreting the specific powers and duties conferred by the enabling statute.
§ 120.52(8), Fla. Stat. See Southwest Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594 (Fla. 1st DCA 2000).
An agency is prohibited from adopting rules except those “that implement or interpret the specific powers and duties granted by the enabling statute.” Save the Manatee, 773 So.2d at 599. “[T]he authority to adopt an administrative rule must be based upon an explicit power or duty identified in the enabling statute. Otherwise, the rule is not a valid exercise of delegated legislative authority.” Id.
In the Final Order, the judge found that, although the rule claims to implement sections 395.401, 395.4015 and 395.402, none of these statutes can serve as rule-making authority for rule 64J-2.010. The trauma statutes were substantially amended in 2004, yet the rule remains unchanged since 1992. As such, the rule continues to implement the outdated provisions of these statutes, without implementing any of the enumerated statutes. The Department has not updated the rule to conform to the 2004 amendments or the 2005 Assessment.
The rule does not implement the 2004 amendment to section 395.4015, which governs state regional trauma planning and trauma regions. Both the pre-and post-2004 versions of the statute require the Department to establish trauma regions that “cover all geographical areas of the state.” However, the 2004 amendment requires that the trauma regions both “cover all geographical areas of the state and have boundaries that are coterminous with the boundaries of the regional domestic security task forces established under s. 943.0312.” § 395.4015(1), Fla. Stat. (2004). Because the rule continues to set forth *1020 nineteen trauma service areas that are not coterminous with the boundaries of the seven regional domestic security task forces, it does not implement the changes in the 2004 version of section 395.4015.
Similarly, the rule fails to implement the 2004 amendments to section 395.402. The version of the statute in effect at the time the rule was promulgated set forth the nineteen trauma service areas reflected in the rule. But the 2004 version of the statute required the Department to complete an assessment of Florida’s trauma system no later than February 1, 2005. It further provides that the original nineteen trauma service areas shall remain in effect until the completion of the 2005 Assessment.
The Department completed the 2005 Assessment and recommended that the nineteen trauma service areas in the rule be reduced to seven regions that are coterminous with the task force regions. But the rule has not been amended to reflect this recommendation. It still contains the original nineteen trauma service areas. Nor has the rule been amended to reflect the requirement in the 2004 amendment to the statute that the Department conduct a review of the trauma regions annually after 2005. See § 395.402(4), Fla. Stat. (2004).
Finally, the rule also states that it implements section 395.405. That section merely provides, “The department shall adopt and enforce all rules necessary to administer ss. 395.401, 395.4015, 395.402, 395.4025, 395.403, 395.404, and 395.4045.” This is no more than a general grant of authority to adopt and enforce necessary rules.
Thus we hold that the judge correctly determined that rule 64J-2.010 contravenes the Department’s grant of rulemak-ing authority, as it fails to implement the 2004 changes to the statute. As such, the rule was an invalid exercise of delegated legislative authority. We reject the remaining arguments on appeal and cross-appeal and, apart from the ruling that the rule was arbitrary and capricious, we affirm the final order in all other respects.
Affirmed.
PADOVANO and CLARK, JJ, concur.
THOMAS, J, concurs in part and dissents in part with opinion.