KAHN, J.
Hanger Prosthetics and Orthotics, Inc., and Hugh J. Panton challenge a summary final order finding proposed rule 64B14-3.001(12) a valid exercise of delegated legislative authority. We affirm.
The Legislature created the Board of Orthotists and Prosthetists (“Board”) and charged it with “implementing] the provisions of [the Orthotics, Prosthetics, and Pedorthics Act], including rules relating to standards of practice for orthotists, prosth-etists, and pedorthists.” § 468.802, Fla. Stat. (2005). In the September 2, 2005, edition of Florida Administrative Weekly, the Board published proposed rule 64B14-3.001(12), which defines the term “direct supervision” in the act:
(12) Direct Supervision means: sa-pervision while the qualified supervisor is on the premises.
(a) The licensed orthotist, prosthetist, orthotist/prosthetist, or pedorthist will provide a physical evaluation of each patient’s orthotic and or prosthetic needs and may delegate appropriate duties to support personnel. However, the licensed practitioner shall physically evaluate the effectiveness, appropriateness and fit of all devices within the scope of the licensed practitioner’s licen-sure practice requirements, including those repaired devices in which the repairs affect the fit, physical structure or *981 biomechanical function of the device, on every patient, prior to patient use of the' device;
(b) For the purpose of replacement of worn or broken components which do not in any way alter the fit, physical structure or biomechanical functioning of the existing device, direct supervision of support personnel providing repairs to orthoses or prostheses means the aforementioned repair must be approved by the appropriately licensed practitioner prior to beginning of repairs. The responsible licensed practitioner must at all times be accessible by two way communication, enabling the supervisor to respond to questions relating to the repair.
31 Fla. Admin. W. 3081-82 (Sept. 2, 2005). The Legislature employed the term “direct supervision” in section 468.808, Florida Statutes (2005):
Support personnel. — A person must be licensed to practice orthotics, prosthet-ics, or pedorthics in this state. However, a licensed orthotist, prosthetist, or pedorthist may delegate duties to nonli-censed supportive personnel if those duties are performed under the direct supervision of a licensed orthotist, prosthetist, or pedorthist. In such instances the supervising licensee is responsible for all acts performed by such persons.
(emphasis added). Appellants argue the Board’s proposed rule is an invalid exercise of delegated legislative authority under section 120.52(8)(b) and (c), Florida Statutes.
A proposed rule becomes an “invalid exercise of delegated legislative authority” if the agency “has exceeded its grant of rulemaking authority,” or the proposed rule “enlarges, modifies, or contravenes the specific provisions of law implemented.” § 120.52(8)(b)-(c), Fla. Stat. (2005); Smith v. Fla. Dep’t of Corrs., 920 So.2d 638, 640-41 (Fla. 1st DCA 2005). Here, the Legislature has authorized the Board to implement rules governing the standards of practice for orthotists, prosthe-tists, and pedorthists under section 468.802. A licensed professional’s “direct supervision” of unlicensed support personnel qualifies as a standard of practice. Consequently, the Board acted within its grant of rulemaking authority.
The Board’s proposed rule also does not enlarge, modify, or contravene the Legislature’s requirement that unlicensed professionals be given direct supervision. The Legislature has mandated that licensed professionals directly supervise the work they delegate to unlicensed support staff. See § 468.808, Fla. Stat. (2005). The proposed rule merely specifies what direct supervision entails in the particular setting addressed by the statute.
As the Board acted properly within its legislative grant of rulemaking authority, and because the proposed rule gives effect to the Legislature’s requirement that licensed professionals provide direct supervision to support personnel, the order is AFFIRMED.
BROWNING, C.J. and WOLF, J., concur.