977 So.2d 733 (2008)
FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Winter Park Imports, Inc., d/b/a Lexus of Orlando, Florida Automobile Dealers Association, and South Florida Auto-Truck Dealers Association, Inc., Appellants,
v.
JM AUTO, INC., d/b/a JM Lexus, Appellee.
No. 1D07-2662.
District Court of Appeal of Florida, First District.
March 25, 2008.
*734 Michael J. Alderman, Department of Highway Safety and Motor Vehicles, Tallahassee; John W. Forehand, Walter E. Forehand and M. Christopher Lyon of Lewis, Longman & Walker, P.A, Tallahassee; Ladd H. Fassett of Fassett, Anthony & Taylor, P.A, Orlando; A. Edward Quinton, III, of Adams, Quinton & Paretti, PA, Miami; Alex Kurkin and Marc E. Brandes of Pathman Lewis, LLP, Miami, for Appellants.
Dean Bunch and J. Andrew Bertron Jr., of Sutherland Asbill & Brennan LLP, Tallahassee; David S. Kurtzer-Ellenbogen of Williams & Connolly LLP, Washington, D.C, for Appellee.
PER CURIAM.
Appellants challenge a final order of the administrative law judge finding Florida Administrative Code rule 15C-7.005 invalid. We affirm.
We review the ALJ's conclusions of law de novo. See, e.g., Parlato v. Secret Oaks Oimers Ass'n, 793 So.2d 1158, 1162 (Fla. 1st DCA 2001). Rule 15C-7.005 purports to regulate "unauthorized additional motor vehicle dealerships" and "unauthorized supplemental dealership locations," and identifies section 320.011, Florida Statutes, as the specific authority for its adoption. That law provides, in full: "The Department shall administer and enforce the provisions of this chapter and has authority to adopt rules pursuant to ss. 120.536(1) and 120.54 to implement them." We agree with the ALJ's determination that this general grant of authority was insufficient under sections 120.52(8)(b) and 120.536(1), Florida Statutes, which allow an agency to adopt "only rules that implement or interpret the specific powers and duties granted by the enabling statute."
The ALJ relied on decisions from this court wherein we have recognized the legislature's intent to restrict the scope of agency rulemaking and consequently have approved a rule only when there is statutory language authorizing the agency to adopt rules to implement the subject matter of the statute. See, e.g., Hanger Prosthetics & Orthotics, Inc. v. Dep't of Health, 948 So.2d 980 (Fla. 1st DCA 2007); Hennessey v. Dep't of Bus. & Prof I Regulation, 818 So.2d 697 (Fla. 1st DCA 2002); Bd. of Trs. of the Internal Improvement Trust Fund v. Day Cruise Ass'n Inc., 794 *735 So.2d 696 (Fla. 1st DCA 2001); Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594 (Fla. 1st DCA 2000). Consistent with the reasoning of these cases, we find that the broadly worded language of section 320.011 did not authorize the department to enact a rule deeming certain conduct to be the unauthorized establishment of additional or supplemental motor vehicle dealerships. We do not decide any other arguments or issues raised in the parties' briefs on appeal.
AFFIRMED.
KAHN, PADOVANO, and LEWIS, JJ, concur.